## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY v. HARPER.

1. MASTER AND SERVANT: *Injury from negligence of co-servant.*
   The master is not liable to a servant for injuries resulting from the negligence of a co-servant.

2. PLEADING: *Amended to conform to proof.*
   Where there is no demurrer to a defective complaint, and no objections to the evidence at the trial, it will, after verdict for the plaintiff, be considered as amended to conform to the proof, and a motion in arrest of judgment will be overruled.

St. Louis, Iron Mountain & Southern Railway v. Harper.

3. RAILROADS: *Negligence in testing boiler.*

If a railroad company omit any test of soundness in a boiler repaired at its shops that ought to be made, it will be guilty of negligence and liable for the damages to its servants resulting from its explosion.

4. MASTER AND SERVANT: *Injury to servant: Defective machinery: Fellow-servant.*

The rule of law which exempts masters from liability to the servant for injuries received from the ordinary risks of his employment, including negligence of his fellow-servants, does not excuse the employer from the exercise of ordinary care in supplying and maintaining suitable instrumentalities for the performance of the work required, whether this duty is to be performed by the master in person or by his agent. But when there is no notice to the master of defects, and no blame is imputable to him for not discovering them, he is not responsible for injuries resulting to his employe therefrom. And notice to a co-servant is not notice to the master.

5. SAME: *Same: Burden of proof: Fellow-servant.*

When a servant seeks to recover for an injury resulting from defective machinery, he must prove negligence on the part of the master in relation to the defect, or the want of such care and diligence as a prudent man would exercise under like circumstances; and where this duty of the master is deputed to another, the latter is not a fellow-servant, but stands in the master's place, and his negligence binds the employer.

6. RAILROADS: *Negligence of agent: Injury to employe.*

Both the master mechanic and foreman of a railroad company's shops, to whom is committed the supervision of repairs, and determining the necessary repairs, and how the work should be done, are, each in their sphere, agents of the company, and for their negligence, resulting in injury to a servant of the company, it will be responsible.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHEL, Circuit Judge.

*Dodge & Johnson* for appellant.

1. The complaint stated no cause of action. It alleges that the explosion was the result of negligence on the part of *servants and employes* in the *proper care and management* of the engine, which engine was known to the *servants and*

St. Louis, Iron Mountain & Southern Railway v. Harper.

*employes of defendant* to be defective and unsafe. For such injuries, caused by the acts of fellow servants, the master is not liable. (*10 Ind , 556; 39 Ark., 25; 42 Ib., 420; Wood's Master and Servant, p. 803; 49 Mo., 167; 8 Am. Rep., 126.*) The answer did not waive the objection. *Gantt's Digest, sec. 4568; 34 Ark., 487–8.*

2.  The first instruction for plaintiff was erroneous in this, that it authorized the jury "*to receive or discard the whole or any part of a witness' testimony according as they believe or disbelieve the same,*" without any qualification or limitation whatever. *67 Ill., 403.*

3.  The mere fact of the incompetency of fellow-servants, or that defective appliances or machinery have been furnished, does not even make a *prima facie* case of negligence; but the burden is upon the servant to show *that the injury resulted because the master did not exercise reasonable and proper care in these respects.* (*18 C. B., 797; Wood Master and Servant, sec. 419; 117 Mass., 312.*) For an injury resulting entirely from the negligence of a co-servant, no fault being imputed to the master in his employment or retention, no liability exists. (*Wood M. and S., pp. 802–3.*) The burden is on the servant to show this want of care in the selection or retaining of such negligent or unskillful servant. (*5 Oh. St., 566; 49 Barb., 324; 20 Ib., 442; 29 Conn., 557; 22 Ind., 29; 4 Cl. & F., 530; Wood M. and S., sec. 419, p. 800.*) He must show *negligence on the part of the master,* and due care on his own part. *5 Oh. St., 521; 20 Barb., 449; 25 Ala., 659; 48 Me., 304; 106 Mass., 282; 53 Ga., 488; 101 Mass., 101; 46 Mo., 163; 2 Am. Rep., 497; Wood M. and S., sec. 382; 10 Ind., 504; 32 Vt., 473; 25 N. Y., 562.*

*J. D. Cook* and *A. B. & R. B. Williams* for appellee.

The employer is bound to furnish safe and sound machinery, and to neglect to do so makes him liable. (*24*

*N. Y., 413; 28 Vt., 59.*) He must also provide competent and skillful servants. (*25 N. Y., 562; 46 Mo., 163; 42 N. H., 325; 3 Oh. St., 201.*) These are *master duties*, and as to such the agent occupies the place of the corporation, and the latter is deemed present, and consequently liable for the manner in which they are performed. (*53 N. Y., 549; 59 Ib., 517; 891b., 46; 59 Mo., 495.*) The neglect, of Richardson, the master mechanic, was their neglect. *53 N. Y., 549.*

COCKRILL, C. J.   The appellee, while in the discharge of his duty as watchman for the railroad, in its yards at Texarkana, was injured by the explosion of the boiler of one of the company's locomotives.   Critically considered his complaint charges an injury to a servant by a co-servant, and nothing more.   It is the well established rule of this court that the master cannot be made to respond in damages for this.   The defendant, however, made no objection to the sufficiency of the complaint, but denied all knowledge of defects in the exploded engine, as well as a want of care on its part, and permitted the plaintiff to introduce evidence tending to show that the boiler of the engine which caused the injury was defective, and that the agents of the company who were charged with the duty of repairing it, ought to have known of the defects.   After verdict for the plaintiff the complaint may be considered as amended to conform to this proof, and the defendant can take nothing by the motion in arrest of judgment. The court was right in overruling it.

The counsel for the appellant insist that there was no proof of any defect in the engine, nor of a want of care on the part of the company's servants in keeping the engine in repair.   It is useless to detail all the testimony.   It was made to appear that the engine that did the injury had,

1. MASTER AND SERVANT: Injury from co-servant.

2. Amendment after verdict.

several years before, collided with another engine and was badly damaged. Shortly afterwards it was put in condition in the company's shops at Baring Cross, and again put to service on the road. A few months before the explosion, it was carried to the same shops where the foreman who had superintended the former repairs was still in charge, to be again overhauled. This duty, as far as the boiler was concerned, seems to have devolved solely on the foreman of the boiler-making department of the shops. It was left to him to determine what repairs were necessary and how the work should be done; and the final test of safety by pressure of steam was applied by him. The foreman of the shops had general supervision over all the matters of repairs, and there was also a master mechanic for the entire road. Deno Casat, who was at this time inspector of engines in the same shops, testified that one of the usual methods to ascertain the soundness of a boiler is to sound all the rivets, and that this was not done in this instance. He examined the boiler after the explosion and found the line of rivets that hold together the "wagon top" and "cylinder" parts of the boiler had been partly cut in two by the old collision. Another witness testified that in the explosion the boiler parted at the weak point indicated by Casat.

3. Negligence in testing boiler.     This testimony tended to establish the plaintiff's case. It is true Casat was contradicted in almost every material particular by witnesses who appear to have been entitled to more credit than he was. Mechanics experienced in such matters testified also that the best test for finding a defect in a boiler was applied; that care and diligence failed to disclose any imperfection in the boiler, and an inspection of it after the explosion gave no clew to the cause. But these facts, while they greatly weaken, do not obliterate the testimony given for the plaintiff. If the company

St. Louis, Iron Mountain & Southern Railway v. Harper.

omitted any test of soundness of the boiler that ought to have been made, it was guilty of negligence, and it was not for the court to take the question from the jury.

" The rule of law which exempts the master from responsibility to the servant for injuries received from the ordinary risks of his employment, including the negligence of his fellow servants, does not excuse the employer from the exercise of ordinary care in supplying and maintaining suitable instrumentalities for the performance of the work required. One who enters the employment of another has a right to count on this duty, and is not required to assume the risks of the master's negligence in this respect. The fact that it is a duty which must be always discharged when the employer is a corporation, by officers and agents, does not relieve the corporation from the obligation." *Ford v. Fichburg R. R., 110 Mass., 260.* 

*4. MASTER AND SERVANT: Injury to servant from defective machinery.*

It is not an absolute duty of the master to maintain suitable and safe engines and machinery for his servants. There is no warranty that they are safe in the beginning, or that they will be so at any time. The master's duty is performed if he uses due care and diligence to effect this end, and this is rigidly required of him. *Fifield v. Northern R. R., 42 N. H., 245; M. & O. R. R. v. Thomas, 42 Ala., 672; L. R. & F. S. Ry. v. Duffy, 35 Ark., 602; Hurd v. V. & C. R. R., 32 Vt., 473.* 

When there is no notice to the master of defects, and no blame imputable in not discovering them, he is not liable if injury results to his employe therefrom. *Noys v. Smith, 28 Vt., 59.* 

*Notice to master of defects.*

When an injury has occurred to a servant in consequence of a defect in machinery furnished by the master, to warrant a recovery the servant must show negligence or the want of care and diligence on the part of the master in relation to the defect. The onus of proof is not

*5. Burden of proof.*

34

shifted to the master, as in the case of a passenger injured by a common carrier, by proof of the fact that an injury has resulted from the defect.   *M. & O. Ry. v. Thomas, supra; N. & C. R. R. v. Elliott, 1 Cold. (Tenn.), 611;   Wood on Master and Servant, sec. 382.*

**Fellow-servant.**   It is not essential to show more in this respect than the want of such care and diligence as a prudent man would have exercised under like circumstances.   The master may not be able to perform this duty to the servant in person, but he must see that some one discharges it faithfully for him.   He cannot shirk the responsibility.   The law casts upon him certain duties to his employes, and if he deputes the performance to another, the latter, as to these duties, is not a fellow-servant with the other employes, but stands in the master's place, and his negligence binds the employer.   *Fones v. Phillips, 39 Ark., 17;   Brabitts v. C. & N. Ry., 38 Wisc., 289;   N. & C. R. R. v. Elliott, sup.*

It is urged that the master mechanic of the railroad alone occupied that relation to the company in this case, and that no attempt was made to show negligence as to him.   That the company would have been liable had the injury resulted from his negligence is established by numerous adjudged cases.   The reason assigned for liability on the negligence of the master mechanic applies as well to the foreman of the shops and to the foreman of the boiler department in this case.   " Each within his sphere was the agent of the company, charged with the performance of certain duties which the latter owed to the public and its servants, and on principle it seems quite immaterial that one of them was subordinate to the other, or that he operated in a narrower field."   *Brabitts v. C. & N. R. R., sup.;   Fones v. Phillips, sup.;   Wood on Master and Servant, secs. 454, 445.*

We do not mean to determine that this rule would

extend to every subaltern who hammers on an engine in the course of repairs ; but when the company appoints an agent for a particular purpose, his acts in the line of his specialty are the acts of the company. It is immaterial what the rank of the agent may be, if he is deputed to perform a duty that the company owes to its other employes, the corporation is deemed to be present and liable for the manner in which the duty is performed. As was said in the case of *Brabitts v. C & N. R. R.*, *sup.*, it would be monstrous to allow the company to relieve itself from all liability for a breach of that duty by simply charging one of its inferior officers or servants with its performance.

The circuit judge kept these principles fairly in view on the trial of this case, in instructing the jury at the instance of appellee, and in refusing the requests of the appellant, except perhaps in this particular, viz.: In the second and sixth instructions given on behalf of the plaintiff, the jury were told that the company was liable for the injury if it was caused by the negligence of its servants, or if the defects in the boiler were known to the defendant's agents. If the negligence referred to in the second instruction, and the knowledge of the defects in the sixth were confined to the servants whose duty it was to repair the engine, these instructions would be without fault. But the complaint contained an allegation that the explosion occurred from negligence in the management of the engine, and the jury were told that if they believed that at the time the engine exploded it was being used by the defendant's servants in the customary and ordinary way, and in the usual course of the defendant's business, they might take this together with all the other circumstances in the case into consideration in determining the question as to whether the explosion was caused by defects in the engine, and as to whether the defects, if any,

were of such a character as could have been known to the agents of the defendant by the use of due diligence.

From this the jury could not fail to infer that the negligence and knowledge mentioned in the instructions were intended to apply to the plaintiff's co-servants who were managing the engine at the time of the explosion, as well as to those who stood in the master's place in the performance of the duty to repair. Notice to the co-servants of defects in the engine would not be notice to the company, and negligence on their part proximately causing an injury would not render it liable to the plaintiff. If any knowledge of defects in the boiler, or want of care in not discovering them was shown, it was as much imputable under the instructions to the plaintiff's co-servants who aided in the repairs as to the persons standing in the master's place. For these reasons the instructions were erroneous and a new trial should have been granted.

Reverse and remand for a new trial.