MAY *v*. SHARP.

4-4106

Opinion delivered January 20, 1936.

*S. Hubert Mayes*, for appellants.

*L. A. Hardin* and *J. F. Holtzendorff*, for appellee.

BUTLER, J. The appellee brought suit against G. C. May, Harold May and W. C. Sharp for damages sustained by personal injury. From a verdict and judgment in his favor, G. C. May and W. C. Sharp have prosecuted this appeal.

At the conclusion of the testimony the appellants moved the court to instruct the jury to return a verdict in their favor on the ground that whatever injury appellee received was the result of an assumed risk. The sole ground advanced by appellants for reversal of the case is the alleged error of the court in refusing to give this requested instruction.

The contention of appellants is based upon the theory that the evidence conclusively shows that Harold May, the person whose negligence occasioned the injury, was a fellow-servant of the appellee, and that because his employers were a partnership, and not a corporation, no liability would attach because of the alleged negligence of the said Harold May.

It is insisted on behalf of the appellee that Harold May was not his fellow-servant, but his foreman and the appellants' vice-principal, for whose negligent act the appellants would be liable.

The fellow-servant doctrine obtains in this State except as to corporations. If, then, the undisputed evidence shows that Harold May was merely a fellow-servant of the appellee, no negligence would attach to the employer for his negligent act. On this question the testimony is in decided conflict. That on behalf of the appellee tends to establish the following facts: appellant partnership was engaged in the construction of a courthouse in the town of Murfreesboro. Appellee was a common laborer working under the supervision and direction of Harold May, a brother of G. C. May, who

was a member of the partnership. Harold May was the foreman over a number of workmen, some of whom were engaged in working on the ground and others upon the building. The workmen on the ground were charged with the duty of placing stones fitted for use in the building upon a cart or buggy which, when loaded, was pushed upon a contrivance called an elevator, by means of which the stones were carried from the ground upward to the part of the building where they were to be used. When these stones were thus carried to their point of destination, other workmen would there take charge of them and put them in place. This work was all under the supervision of Harold May. He had in his possession, and used in the work, a blue print with the aid of which he would select the stones required, point them out to the appellee and his fellow-workmen, and direct their loading upon the cart or buggy which would then be moved to the elevator. When the stones were carried up to the part of the building in which they were to be placed, Harold May would then direct the workmen where to go with the cart or buggy and where to deposit the stones. He also kept the time of the laborers working under him. When a stone of more than ordinary weight was to be loaded, Harold May would sometimes assist in placing it upon the conveyance and sometimes would help push the cart from the elevator when it had ascended to the point required upon the building.

Except for the testimony relative to Harold May keeping the time, the evidence on behalf of the appellants tended to show that Harold May was nothing more than an ordinary laborer and at most could only be said to be merely a leader of the crew, and, being such, a fellow-servant of the others with whom he worked.

Appellant cites the case of *Koss Construction Co.* v. *Vanderburg,* 185 Ark. 316, 47 S. W. (2d) 41, as upholding their contention, where it was said: "There is a difference between a leader of a crew of men, merely charged with the duty of overseeing the work, and one in which authority is given to one man to have superintendence, control and dominion over the other men, in order to properly carry on the work;" and further relies

on the principle announced in *Texarkana Telephone Co.* v. *Pemberton*, 86 Ark. 329, 111 S. W. 257, reaffirmed in *Graham* v. *Thrall*, 95 Ark. 560, 129 S. W. 532, as follows: "A foreman under whom workmen are employed may be a fellow-servant with the workmen when engaged in accomplishing with them the common task or object; but, when discharging the duties toward the workmen which the law imposes on the principal, he is a vice-principal."

We apprehend that there is little, if any disagreement in the authorities holding that one under whom other workmen are employed is merely a fellow-servant with such workmen when he is engaged solely in accomplishing with them the common object of their employment. But in this case the evidence presents a conflict as to whether or not Harold May was solely thus engaged; that on the part of appellee tending to show that, in addition to this, he was clothed with the discharge of duties toward the workmen which the law imposes on the employer. He directed (according to the testimony adduced on behalf of the appellee) the workmen as to how and in what manner their duties should be discharged, supervised them while they were discharging these duties and kept their time. These were duties devolving upon the employer and rendered Harold May the vice-principal, although he might have at times assisted in the actual performance of the work. This statement is sustained by the authority cited by the appellee. *Fones* v. *Phillips*, 39 Ark. 17; *St. L. I. M. & So. Ry. Co.* v. *Harper*, 44 Ark. 524; *C. O. & G. Ry. Co.* v. *Jones*, 77 Ark. 367, 92 S. W. 244; *Tex. etc. Co.* v. *Pemberton*, 86 Ark. 329, 111 S. W. 257.

The question of whether Harold May was a fellow-servant or vice-principal was submitted to the jury under instructions which are not questioned, and, as there was substantial evidence to warrant the finding of the jury either way, its judgment is binding on this court, as it is the sole and exclusive judge of the credibility of the witnesses and the weight to be given their testimony.

The specific negligence alleged, which the evidence tends to establish, is that when the buggy was placed in the elevator Harold May "scotched" it with a round iron

instrument, whereas he should have "scotched" it with a piece of wood and was so advised by one familiar with the work; also, when the buggy was being removed from the elevator, in the exercise of ordinary care, the bar of iron should have been removed before rolling the buggy from the elevator. This was not done. But May directed the workmen to remove the buggy from the elevator and assisted in the operation. This movement of the buggy pushed or rolled the iron bar so that it fell from the building to the ground striking the appellee upon the head and inflicting the injury. The consequence of this bar falling upon the head of the appellee and the resultant effects are matters about which the testimony is in sharp dispute, that on the part of the appellants tending to show that the injury was slight and inconsequential while that on the part of the appellee is to the effect that it was serious and permanent. But, as no question is raised as to the amount of damages awarded by the jury, this evidence need not be noticed.

Under the rules announced, we are of the opinion that there was evidence of a substantial nature tending to establish negligence of a vice-principal as the proximate cause of the injury sustained by the appellee, and the judgment of the trial court must therefore be, and is, affirmed.