RAWLS, Judge.
The Railway Company, defendant below, has appealed a judgment based upon a verdict awarding plaintiff Grace Shiver damages for the wrongful death of her husband, who died as a result of a train-truck collision.
The only question for consideration on this appeal is whether the negligence of the truck driver is imputed to his passenger, Shiver, who was his supervisor.
The wrongful death occurred in a collision between one of defendant’s trains and a Seven-Up Bottling Company truck. The several actions arising from this collision were tried simultaneously before the same jury. The jury’s verdict in a suit involving only the railroad and the Seven-Up Company clearly indicates that the jury found the operators of the truck and the train equally negligent and that their negligence was the proximate cause of the collision.
In the cause sub judice the Railway Company took exception to the trial court’s instruction which reads:
“Now, in the case of Shiver, Shiver was a passenger in the truck driven by Mr. Douglas. Now, should you find that the defendant railroad was negligent in any degree, which negligence was a contributing cause of the accident, then, the plaintiff, Grace Sapp Shiver, is entitled to recover her full damages from the defendant railroad, even though you might also find from the evidence that the driver of the truck in which the deceased, Basil Lee Shiver, was riding was also negligent.
“Thus, if the negligence of both the driver of the Seven-Up truck and the railroad combined to produce and proximately cause the death of Basil Lee Shiver, the plaintiff, Grace Sapp Shiver, is still entitled to full recovery from the defendant railroad company for those damages. Now, that applies to Mrs. Shiver.”
The facts necessary for consideration of the question on appeal are not controverted. The truck driver was a regularly employed Seven-Up route salesman. Decedent was a route supervisor who spent about 80% of his working time riding with the route salesmen to train them in the sale of the different products and to show them what *641 was needed to be done in connection with the servicing of the route. Both men were employees of the same master; both were engaged in the performance of their duties at the time of the accident; and both were killed in the collision. Consequently, there was no evidence as to what occurred in the truck immediately prior to the accident Furthermore, there was no evidence that it was part of Shiver’s duty to supervise or direct route salesmen in the physical operation of the trucks or that he had ever done so voluntarily.
The applicable principle of law was succinctly stated in Bessett v. Hack-ett: [1]
“ * * * [T]he rule is that the negligence of the driver of an automobile is not in general imputable to a passenger who has no authority or control over the car or the driver. Porter v. Jacksonville Electric Co., 64 Fla. 409, 60 So. 188; Miami Coca Cola Bottling Co. v. Mahlo, Fla., 45 So.2d 119. In the absence of agency or joint enterprise, contributory negligence on the part of the driver will not ordinarily be imputed to a guest or invitee if the latter relies on the skill and judgment of the driver and does not attempt to impose his will on the driver to see that the machine is properly driven. Florida Motor Lines v. Hill, 106 Fla. 33, 137 So. 169, 143 So. 261; Seaboard Air Line R. Co. v. Watson, supra [94 Fla. 571, 113 So. 116].
“An exception to the general rule that a guest riding in an automobile is entitled to trust the vigilance and skill of the driver arises where the passenger knows, or by the exercise of ordinary and reasonable care should know, from the circumstances of the occasion, that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of his passenger.” (Emphases supplied.)
Therefore, the general rule that the negligence of a driver of a motor vehicle is not imputable to his passenger has three exceptions. The exceptions occur when the passenger has authority or control over the driver or the vehicle 1. by imposing his will on the driver to see that the vehicle is properly driven, 2. where such authority or control exists by virtue of the relationship of agency or joint enterprise between the driver and passenger, or 3. where the passenger-guest knows or should know that the driver is not exercising that degree of care essential to the passenger’s safety so that the law imposes a duty upon the passenger to warn, protest, or take other action suitable to the circumstances of the case, and the passenger fails in this duty although he has sufficient time and opportunity to give the warning or to protest prior to the accident and realizes that intervention is necessary for his own safety.
Since there is no evidence that the plaintiff’s decedent actually imposed his will upon the driver and since there is no evidence that the conduct of the driver was such that his passenger knew or should have known that it was reasonably essential to his own safety to warn the driver, the first and third exceptions to the general rule are not applicable here. Therefore, the deciding factor is whether the passenger’s relationship to the driver, either by agency or joint enterprise, was such as to give the passenger that degree of authority or control over the truck or the driver as to make the driver’s negligence imputable to his passenger as a matter of law.
 In Seaboard Air Line Ry. Co. v. Watson[2] the Supreme Court in deciding that when on a trip together the negligence of a husband-driver was not imputable to his wife-passenger, reviewed numerous federal and state decisions and concluded that *642 the relationship required was one such as principal and agent or master and servant. Potter v. Florida Motor Lines,[3] another husband and wife case, held:
“The doctrine of imputed negligence, when asserted in cases involving a joint enterprise, rests upon the maxim ‘Qui facit per alium, facit per se.’ In such cases, in order to impute the negligence of the driver to another person .riding in the car, the parties must stand in such relation to each other that the maxim just quoted directly applies to their case. Bryant v. Pacific Electric R. Co., 174 Cal. 737, 164 P. 385; Louisville, N. A. & C. Ry. Co. v. Creek, 130 Ind. 139, 29 N.E. 481, 14 L.R.A. 733; 45 C.J. 1019. That maxim can apply only in cases where the relationship of the parties is in effect that of partnership, principal and agent, or master and servant, or when the circumstances are such that the vehicle, though manually operated by one person, is in the actual control of another.
“As a legal concept, joint enterprise is not a status created by law. It is a voluntary relationship, the origin of which is wholly ex contractu. Liability of one member of a joint enterprise for the acts of another member is a vicarious liability founded upon the relationship, and springs from the operation of law upon the relationship into which the parties have voluntarily brought themselves by contract.” (Emphases supplied.)
In Nadeau v. Melin,[4] the Minnesota Supreme Court reviewed similar cases in numerous jurisdictions and concluded that the better rule, followed by a great majority of the courts which have considered the question, is that the negligence of a driver of an automobile is not to be imputed to a fellow employee riding with him, in the absence of a relationship which would establish vicarious liability.
When applying the doctrine of imputed negligence the decided weight of authority is to the effect that several servants of different grades are fellow servants.[5]
In the instant cause the relationship between the driver and plaintiff’s decedent is that of fellow servants, and since the maxim qui facit per alium facit per se [6] is not applicable between fellow servants, the negligence of one is not imputable to another. This conclusion is consistent with Yokom v. Rodriguez [7] wherein the Supreme Court set forth the following essential elements of a joint enterprise:
“(1) There must be an agreement, express or implied, to enter into an undertaking. (2) In such undertaking there must be community of interests in the objects and purposes to be accomplished. (3) The parties to such an enterprise must, in pursuance of it, have equal authority.”
It is our conclusion that the subject instruction, when considered in conjunction with the other instructions, was correct and that the trial judge properly found that the *643 negligence of the driver was not imputable to his passenger.
Affirmed.
STURGIS, C. J. and PATTEN, GEORGE L., Associate Judge, concur.

. Bessett v. Hackett, 66 So.2d 694, 698-699 (Fla.1953).

. Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716 (Fla.1927).

. Potter v. Florida Motor Lines, Inc., 57 F.2d 313, 315 (S.D.Fla., 1932).

. Nadeau v. Melin, 260 Minn. 369, 110 N.W.2d 29, 38 (1961).

. Handley v. Lombardi, 122 Cal.App. 22, 9 P.2d 867 (1932); May v. Sharp, 191 Ark. 1142, 89 S.W.2d 735 (1936); and See Sutton v. Hancock, 105 Fla. 497, 141 So. 532 (1932).

. Black’s Law Dictionary, 3 ed., “Qui facit per alium facit per se. He who acts through another acts himself, [i. e., the acts of an agent are the acts of the principal.]”

. Yokom v. Rodriguez, 41 So.2d 446 (Fla. 1949).