# CARMICHAEL *v.* EBERLE.

## ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 166.   Submitted March 5, 1900. — Decided March 26, 1900.

In the light of the various orders of the court below, this court holds that a rehearing was not granted in this case, but that the motion for rehearing was permitted to be argued, and as that was heard before four of the judges of the court, and there was an equal division, it was denied; and, as the judgment of reversal was not a final judgment, the appeal must be dismissed.

THE statement of the case is in the opinion of the court.

*Mr. William B. Childers* for plaintiffs in error and appellants.

*Mr. T. B. Catron* for defendant in error and appellee.

MR. CHIEF JUSTICE EULLER delivered the opinion of the court.

This was an action in ejectment brought in the district court for the county of Socorro, in the Territory of New Mexico, which resulted in judgment against one of the defendants and in favor of the other defendants, whereupon Eberle, plaintiff below, carried the case on writ of error to the Supreme Court of the Territory.

At the July term, 1895, of that court, and on October 16, the following judgment was entered : " This cause having been argued by counsel and submitted to and taken under advisement by the court upon a former day of the present term, the court, being now sufficiently advised in the premises, announces its decision by Associate Justice Collier, Chief Justice Smith concurring, Associate Justice Laughlin dissenting, reversing the judgment of the court below, for reasons stated in the opinion of the court on file.   It is therefore considered and adjudged by

the court that the judgment in this cause of the district court in and for the county of Socorro, whence this cause came into this court, be, and the same hereby is, reversed, and that this cause be, and the same hereby is, remanded to said district court, with directions to grant a new trial thereof. It is further considered and adjudged by the court that the said plaintiff in error do have and recover of said defendants in error his costs in this behalf expended, as well in the court below as in this court expended, to be taxed, and that execution issue therefor."

December 17, 1895, defendants in error filed a motion for rehearing, pending which the court adjourned to court in course. At July term, 1896, and on August 11, this order was entered: " This cause coming on for hearing upon the motion of said defendants in error, heretofore filed herein, for a rehearing of said cause, the same is argued by H. L. Pickett, Esq., attorney for said defendants in error, and by T. B. Catron, Esq., attorney for said plaintiff in error, and submitted to the court, and the court not being sufficiently advised in the premises, takes the same under advisement."

December 18, 1896, judgment was rendered as follows: " This cause having been argued by counsel and submitted to and taken under advisement by the court on a former day of the present term, upon the motion of the said defendants in error for a rehearing of said cause granted herein at a former term, the court, being now sufficiently advised in the premises, announces its decision by Associate Justice Collier, Chief Justice Smith concurring, Associate Justices Laughlin and Bantz dissenting, reversing the judgment of the court below, and remanding said cause for a new trial for reasons stated in the opinion of the court on file herein. It is therefore considered and adjudged by the court that the judgment of the district court in this cause in and for the county of Socorro, whence this cause came into this court, be and the same is hereby reversed, and that this cause be and the same is hereby remanded to said district court, with directions to grant a new trial thereof. It is further considered and adjudged that said plaintiff in error do have and recover of said defendants in error his costs in this behalf expended, as well in the court below as in

this court expended, to be taxed, and that execution issue therefor."

On the first day of February, 1897, the following motion was filed : "Now come the defendants in error in the above entitled cause and move the court to set aside the entry heretofore made in said cause on the 11th day of August, 1896, as the same appears upon page 388 of the records of said court in Record B, page 388, and to enter *nunc pro tunc* in place of said entry an order granting to the appellees in said cause a rehearing, and also that the court set aside the judgment of reversal in said cause on the 18th day of December, 1896, as the same appears upon page 464 of Record B of the minutes and records of said court, and enter in lieu thereof an order affirming the judgment of the court below, and for grounds of said motion the said appellees. show to the court that a rehearing was granted in said cause, and said cause re-argued and taken under advisement by the court and afterwards decided by a divided court, two of the members sitting in said cause being in favor of reversal and two in favor of affirmation, which entry in legal effect results in the affirmation of the judgment of the court below."

This motion was overruled March 1, 1897, in these terms: "This cause having been submitted on motion to amend the record and make an entry *nunc pro tunc* granting the defendants in error a rehearing on a former day of this term, the court announces its decision by Chief Justice Smith, the associate justices concurring, denying said motion. It is therefore considered and adjudged by the court that the motion to amend the record and to make an entry *nunc pro tunc* be, and the same hereby is, denied." Thereupon the case was brought to this court on writ of error and also on appeal.

The contention of plaintiff in error is that a rehearing was granted, and that, as the court was equally divided on such alleged rehearing, the judgment of the district court was affirmed. We are of opinion, however, that, in the light of the various orders of the Supreme Court, although that of December 18 was somewhat obscurely worded, a rehearing was not granted, but that the motion for rehearing was permitted to be argued, and as that was heard before four of the

judges of the court and there was an equal division, it was denied. Had this been otherwise, the court would not have unanimously overruled the motion to amend the record so as to make it appear that a rehearing had actually been granted.

Moreover counsel agree that under the rules of the court a rehearing could not be granted unless one of the justices who concurred in the judgment so desired, and a majority of the court so determined, and that this was also true of permission to argue such application. It is evident that oral argument was allowed, and it also appears that no justice who concurred in the judgment desired a rehearing, and that a majority of the court did not determine to grant it.

The judgment of reversal therefore stood, and

*As it was not a final judgment, the writ of error and the appeal must be dismissed, and it is so ordered.*