J. B. Conyers, *Plaintiff in Error,* v. State, ex rel. Edward Conroy, *Defendant in Error.*

Division B.

Opinion filed September 17, 1929.

*E. M. Magaha,* for Plaintiff in Error;

*Wat Lawler,* for Defendant in Error.

BUFORD, J.—In this case a petition was filed for writ of prohibition to be issued by the Circuit Court to J. B. Conyers, Justice of the Peace, prohibiting the said Conyers from exercising jurisdiction as Justice of the Peace in a certain cause then pending and at issue in the Court of such Justice of the Peace. A demurrer was filed to the

petition, which demurrer was overruled. The respondent declined to plead further and thereupon the order of prohibition was made. It is alleged in the petition that on the 6th day of March, A. D. 1929, the Board of County Commissioners in and for Lee County, Florida, did at regular meeting assembled re-district Lee County, Florida, into Justice of the Peace Districts, and that the Justice of the Peace District numbered Four in and for Lee County, Florida, was re-districted as follows: That such Justice of the Peace District was to include all that territory in Lee County, Florida, bounded on the North by the southerly side of Main street, on the west by the easterly side of Monroe street, on the east by the westerly side of Broadway street, and on the south by the northerly side of Second street, lying wholly within the limits of the City of Fort Myers, Lee county, Florida, and that such district should thenceforth be described and numbered as Justice of the Peace District Number One (1).

The judgment entered prohibited J. B. Conyers as Justice of the Peace from further proceeding in the case of Hough Insurance Co., Inc., v. Edward M. Conroy.

Courts may take judicial cognizance of all public documents and public records. They may take judicial cognizance of the location of permanent landmarks and fixed monuments. They may take judicial cognizance that a certain named city or town is within a certain county.

This Court having inspected a certified copy of that part of the plat of the City of Fort Myers as the same appears on file in the office of the city engineer of the City of Fort Myers, in the public records of the said City in Lee county, Florida, showing the area described in the resolution above mentioned, judicial cognizance is taken of the fact that the territorial limits of the Justice of the Peace District No. 1, as attempted to be fixed by the Board of County Commis-

sioners of Lee County in a resolution adopted on the 6th day of March, 1929, was confined to and made co-extensive with one certain block in the City of Fort Myers, Florida, known as the Court House Square.

The office of the Justice of the Peace is a constitutional office and the incumbent of such office is a constitutional officer. When a justice of the peace has been elected and qualified to serve in any district, his office can not be abolished during the term for which he has been elected. The Constitution, Article V, Section 21, provides:

"The County Commissioners of each county shall divide it into as many justice districts, not less than two, as they may deem necessary. There shall be elected one justice of the peace for each of the said districts. He shall hold his office for four years."

Section 5210, Comp. Gen. Laws 1927, provides as follows:

"5210. (3357) Number Districts and Boundaries. —The board of county commissioners of each county shall divide their respective counties into as many justice districts, not less than two, as they may deem necessary, and as near as practicable the limits of said districts shall be co-extensive with the limits of one or more election districts of the respective counties."

The above quoted section is the statutory authority under the Constitution for the division of counties into justice of the peace districts, and this section of the statute requires that the county commissioners in dividing the counties into justice of the peace districts shall so designate the districts as to make as near as practicable the limits of the district co-extensive with the limits of one or more election districts. The statute does not conflict with the organic provision and

is a permissible regulation under the Constitution. The county commissioners are without authority to arbitrarily fix the boundary of the justice of the peace district so that the practical result is to abolish the justice of the peace district and to deprive a justice of the peace then holding office under the Constitution from exercising the functions of his office. The justice of the peace must reside in the district which he serves, and therefore, the place of his residence must be included within the boundaries of a justice of the peace district if the board of county commissioners attempt to change the lines of justice of peace districts after a justice of the peace has been elected and qualified to hold office in such district. It is also the duty of the board of county commissioners to comply with the statute in fixing the boundaries of the justice of the peace districts so that the territorial area of the justice of the peace districts will conform as nearly as is practicable to and be co-extensive with the area of one or more voting districts.

The action of the Board of County Commissioners in adopting the resolution which is made a part of the petition for the writ of prohibition in the court below whereby the board practically abolished the Fourth Justice of the Peace District and created a district co-extensive with the Court House Square, was without authority of law and was, therefore, null, void and of no effect.

The demurrer to the writ should have been sustained and the writ quashed. The judgment is reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.