FLORIDA MOTOR LINES, INC., a corporation, *Plaintiff in Error*, vs. ELIZABETH M. HILL, *Defendant in Error*.

137 So. 169.

143 So. 261.

En Banc.

Opinion filed October 6. 1931.

Opinion on rehearing filed June 23, 1932.

*Shutts & Bowen* and *Knight, Thompson & Turner,* for Plaintiff in Error;

*Arthur Codington, John A. Fort* and *Fraser & Poole,* for Defendant in Error.

TERRELL, J.—This case grew out of the same collision as that which precipitated the case of Florida Motor Lines, Inc. vs. Mollie Jane Ward, decided this date. The pleadings in both cases were the same except that in the latter case they show that plaintiff's intestate, Robert I Ward, was the owner and driver of the Dodge car which collided with the motor bus of defendant, while in the instant case plaintiff's intestate, James R. Hill, was the guest and companion of Robert I. Ward and was sitting on the front seat at Ward's right when the collision took place. Ward and Hill were both killed and Hill's wife brings this action.

The same witnesses testified to the like effect in both cases. In the instant case, some testimony was introduced that was not brought out in the Ward case which made the defense stronger. The trial resulted in a verdict and judgment for the plaintiff in the sum of ten thousand dollars and defendant took writ of error.

There are no questions raised in this case necessary to treat that were not raised and treated in the Ward case except the question of contributory negligence as applied to plaintiff's husband, he being a passenger with or the invited guest of Ward. What we said in the Ward case is consequently decisive of the questions raised in this case.

Ordinarily, contributory negligence on the part of the driver of a motor vehicle will not be imputed to a guest or invitee if he relies on the skill of the driver and does not attempt to impose his will on the driver to see that the machine is properly propelled. There are many modifications to this rule. If the passenger knows of dangers that are not known to the driver he is not protected by this rule. Other exceptions to this rule, depending on the cir-

cumstances of the case, may arise. Huddy on Automobiles (5th Edition) 909.

Notwithstanding this rule, a person riding in an automobile driven by another is not relieved from all personal responsibility for his own care and safety. He must exercise such care to avoid injury as an ordinary prudent person would exercise under like circumstances. Seaboard Air Line Ry. Co. vs. Watson, 94 Fla. 571, 113 So. 716.

The record disclosing that the defendant was free from negligence, the judgment below is therefore reversed on authority of Florida Motor Lines, Inc. vs. Mollie Jane Ward, decided this date.

Reversed.

BUFORD, C.J., AND WHITFIELD AND BROWN, J.J., concur.

ELLIS AND DAVIS, J.J., dissent.

BROWN, J. (Concurring).—I hardly think the evidence could be held to show any negligence on the part of Mr. Hill. But for the reasons stated in Mr. Justice Terrell's opinion in the case of Florida Motor Lines v. Ward, growing out of the same collision, and the writer's concurring opinion, I am inclined to the view that the weight and legal effect of the evidence shows that the sole proximate cause of the death of defendant in error's intestate was the negligence of the driver of the car in which Mr. Hill was riding, and that the judgment should therefore be reversed.

DAVIS, J. (Dissenting).—I concurred in the reversal of the judgment in the case of Florida Motor Lines, Inc., versus Mollie Jane Ward, which is the companion case to this one, because of the showing made by the preponderance of the evidence in that case that the driver of the Dodge car, whose widow was plaintiff in that suit, was guilty of such contributory negligence as would bar recovery under the principles of the common law. I also agree to much that is said in the very able and exhaustive

opinion filed in that case by this Court speaking through MR. JUSTICE TERRELL.

But I am unable to reach the conclusion that the weight of the evidence is affirmatively to the effect that the driver of the bus which caused the death of two of the occupants of the Dodge car, was *entirely and wholly free* from negligence in the operation of the bus, so as to render the bus company entirely free from liability to the guest who was riding in the car whose driver was contributorily negligent, but whose other occupants are not shown in the least degree to have any connection with the operation of the car, nor liable to the consequences of the contributory negligence of which the driver of the Dodge has been declared to be guilty.

Giving the verdict of the jury in this case the weight to which it is entitled in an appellate court when it comes here with the approval of able trial judge, such as presided at the trial of this case in the court below, I find no warrant for setting it aside on the ground that there was no showing whatsoever to justify a finding of any negligence on the part of the driver of the bus. If the bus driver was negligent in operating such bus so as to proximately cause the injury, the fact that the driver of the Dodge car in which defendant in error's intestate, James R. Hill, was the guest and companion, was guilty of contributory negligence, will not bar the recovery in this case, under the principles cited in the opinion of MR. JUSTICE TERRELL.

The evidence shows that while the bus driver contended that he was only driving the bus at the unusually conservative speed for such vehicles of less than thirty miles an hour (well within the statutory speed limit at the time) that he so manipulated and handled such bus that it ran off the paved highway on the right hand side of the road so as to be compelled to travel on the sand shoulders of the

road right of way instead of on the one-half of the pavement which was available to it; some witnesses (whether interested or not) testified that the driver in attempting to get the wheels of the bus out of the sand and back on to the pavement, caused it to swerve sharply to the left, thereby colliding with the Dodge car; this evidence might have been believed by the jury, but whether it was worthy of such belief or not, it stands demonstrated on this record that the bus driver was either so incompetent to manage such a vehicle that he could not keep it on the road when going at less than thirty miles an hour, or that he accidently got too far over to the right thereby running his wheels off the pavement on to the shoulders (as not infrequently happens) and that he thereupon negligently attempted to get the bus back on the pavement too soon and without reducing speed with the result that the bus swerved sharply to the left and collided with the Dodge car, killing two people in it.

I am unable to reach the legal conclusion that such operation of a bus is *free* from negligence, which must be the finding of this court, in order to reverse the judgment in this case, where contributory negligence of the Dodge car driver cannot be imputed to his guest and companion who was killed. If a bus driver cannot keep his vehicle on the pavement when traveling less than thirty miles an hour, he should not keep it going ahead at unchecked speed to the danger of the lives of his passengers and others on the highway in other cars.

ELLIS, J., concurs.

---

## ON REHEARING.

PER CURIAM.—In this cause Mr. Chief Justice Buford, Mr. Justice Ellis and Mr. Justice Davis are of opinion that the judgment herein should be affirmed, while Mr. Justice Whitfield, Mr. Justice Terrell and Mr. Justice

Brown are of opinion that the said judgment should be reversed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the judgment should be affirmed; therefore it is considered, ordered and adjudged under the authority of State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the judgment of the Circuit Court in this case be and the same is hereby affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.