FLORIDA MOTOR LINES, INC., v. ELIZABETH M. HILL.

143 So. 261.

Division B.

Opinion Filed July 26, 1932.

*Knight, Thompson & Turner* and *Shutts & Bowen,* for Plaintiff in Error;

*Arthur Codington, John A. Fort* and *Poole* and *Fraser,* for Defendant in Error.

ON REHEARING

PER CURIAM.—With the concurrence of four members of this Court, the judgment of the Circuit Court was reversed on writ of error, two of the Justices dissenting. See Florida Motor Lines v. Elizabeth M. Hill, 106 Fla. 33, 137 Sou. Rep. 169. After that, upon appropriate petition therefor, a rehearing was granted, all of the Justices finally concurring in the order granting same, although there was originally an equal division in opinion amongst the Justices of this Court on that subject.

Reargument on rehearing was had and upon such reargument the Court became equally divided on the proposition as to whether or not the judgment of the Circuit Court should be affirmed, it appearing that after such reargument Mr. Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice BROWN were of the opinion that the judgment should stand reversed in accordance with the opinion of

Mr. Justice Terrell adopted on the first consideration of the case, while Mr. Chief Justice Buford, Mr. Justice Ellis and Mr. Justice Davis were of the opinion that upon such rehearing the judgment of the Circuit Court should be affirmed.

It therefore appears that upon rehearing had, the Court is now equally and permanently divided on the question of what its judgment on rehearing should be—three Justices being for affirmance, and three Justices being for reversal of the judgment of the Circuit Court. There is no prospect of any early change in the personnel of the Court.

In this situation defendant in error suggests that the proper rule is that upon a rehearing granted and had, an equal division of the appellate court works an affirmance of the previous opinion of the appellate court, and not an affirmance of the judgment appealed from, when the appellate court's original judgment was one of reversal. Carmichael v. Eberly, 177 U. S. 63, 44 L. Ed. 672 is cited to support that view. See also C. J., pp. 641-644.

Our conclusion is that an equal division of the appellate court on rehearing granted as to a judgment of reversal previously rendered, leaves that judgment in force and does not result in affirming the judgment of the lower court. Our judgment of Thursday, June 23, 1932, on rehearing, should therefore be amended to conform to this holding.

Petitions for rehearing are under our rules filed and considered as *ex parte* matters.

The granting of such petitions when they are favorably acted upon is likewise *ex parte*. And unless expressly so ordered by the appellate court, the mere granting of an *ex parte* application for a rehearing should not be considered nor construed as working a complete vacation, annulment and setting aside of the previous judgment of the

appellate court, as to which the rehearing is granted, but more properly should be considered as a mere arresting or suspending of such previous appellate judgment pending the rehearing and reconsideration of the case on the rehearing awarded.

This rule necessarily applies to all cases where the Court grants a rehearing on *ex parte* application of one of the parties asking reconsideration of the case for some alleged oversight or error in the Court's initial opinion or judgment in the case. The rule may be, and possibly is, different where a rehearing is granted by the Court of its own motion, and the appellate judgment actually vacated and set aside incidental thereto, as where it is discovered that one of the participating Justices was disqualified, or that the appellate judgment entered was otherwise not properly arrived at or entered by due course of appellate procedure applying to the internal workings of the Court.

In this case the order entered by us on the petition for rehearing is: "A petition for rehearing having been filed in this cause and same having been duly considered it is ordered by the Court that the said petition be and the same is hereby granted." No order affirmatively vacating or setting aside our former judgment is that the petition for rehearing "be and the same is hereby granted."

This order under our rules had the effect of arresting the issuance of the mandate until further order of the court. It also reinstated the case upon our docket for reconsideration upon the rehearing ordered. Thus the original judgment of this Court that the judgment of the Circuit Court be reversed was merely suspended, and not annulled, vacated or set aside as might have been done by a special and affirmative order to that effect entered at the term during which the rehearing was granted.

The precise situation we have here seems to be controlled by the *ratio decidendi* of the cited case from the United States Supreme Court of Carmichael v. Eberly, 177 U. S. 63, 20 Sup. Ct. Rep. 571, 44 L. Ed. 672. Upon the authority of that case, we now order that by reason of an equal division of the justices of this Court in their opinion as to this case upon rehearing had, that the judgment of this Court heretofore entered on October 6, 1931, do stand unaltered, the Court being equally divided with regard to the correctness thereof, and that same be certified to the Court below without opinion.

Former judgment of Supreme Court of October 6, 1931, ordered to stand unaltered on rehearing; judgment of June 23, 1932, vacated, and judgment reversed and cause remanded to the Circuit Court without opinion.

WHITFIELD, P. J., and TERRELL and DAVIS, J. J., concur.

BUFORD, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.