SAVILLA MILES ROBERTS, as Administratrix of the Estate of Julian Holman, deceased, v. L. R. POWELL and HENRY W. ANDERSON, as Receivers of the Seaboard Air Line Railway Company.

187 So. 766.
Division B.
Opinion Filed April 7, 1939.

*Edwin Brobston, T. B. Castiglia* and *James Wishart, Jr.,* for Plaintiff in Error.

*Haskins & Fielding,* for Defendants in Error.

CHAPMAN, J.—This case is here on writ of error to review a final judgment for the defendants below entered by the Circuit Court of Highlands, County, Florida. It is a railroad accident case and occurred at a country crossing between Sebring and Avon Park at a station known as "Lakemont." The record shows that at the conclusion of all the evidence the trial court directed a verdict for the defendant. The grounds of the defendants' motion are: First, the defendants have established, by undisputed, affirmative testimony that their agents have exercised all ordinary and reasonable care and diligence to avoid the accident and the resultant injury complained of; second, that the defendants have established by undisputed, affirmative testimony that the negligence of the driver of the automobile in which plaintiff's intestate was riding at the time of the accident was the sole proximate cause of said accident; third, that no evidence has been submitted in the cause from which the jury could lawfully find a verdict for the plaintiff.

The order of the Court on the motion is, viz.:

"Gentlemen of the Jury, it becomes the duty of the Court to direct a verdict for the defendants when it appears from the evidence as a matter of law, that under no view of the evidence, could a verdict for the plaintiff be sustained if entered by the jury; in other words, the Court finds, as a matter of law, that there is no issue of fact to go before you gentlemen; the question in the case was the negligence on the part of the defendants and the Court, after a very long and careful consideration of the evidence in the case and the law involved, is of the opinion that,

as a matter of law, there is no negligence shown by the proof upon which you could base a verdict against the defendants in this case, and therefore, directs you to enter a verdict for the defendants. The court is very reluctant to take cases away from the jury; dislikes to do it; if there is any issue at all for the jury to determine, the jury should, of course, determine it and it would not be a proper function for the Court to do that, but in the status of this case, the Court finds it his duty to direct you to enter a verdict for the defendants, and I will ask one of you gentlemen to sign this verdict as foreman: 'We, the jury, find the defendants not guilty, so say we all.'"

The law controlling the case at bar is well expressed in the case of Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 250, 121 So. 95, when this Court said:

"When damage is done to a person by a railroad company by the running of its locomotives, or cars, or other machinery or when the damage is done by any person in the employ and service of such company the company is liable for such damage unless the company shall make it appear that its agents exercised all ordinary and reasonable care and diligence, the presumption in cases being against the company. See Sec. 4964 Revised General Statutes 1920; 7051 Comp. General Laws 1927.

"Under the above statute it has been held that the burden of proving the injury is on the plaintiff and the burden of showing absence of negligence is on the defendant. See Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 So. Rep. 235; F. E. C. Ry. Co. v. Welch, 53 Fla. 145, 44 So. Rep. 250; F. E. C. Ry. Co. v. Carter, 67 Fla. 335, 65 So. Rep. 254; Tampa Electric Co. v. Barber, 81 Fla. 405, 88 So. Rep. 302; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. Rep. 305; Payne v. McKinnon, 81 Fla. 583, 88 So.

Rep. 495; Davis v. Cain, 86 ·Fla. 18, 97 So. Rep. 305; Dina v. S. A. L. Ry. Co., 90 Fla. 558, 106 So. 417.

"The above decisions and many others ·of this court have settled the question ra sed by the first assignment of error against the contention of the plaintiff in error.

"The doctrine may be considered as established that in a case where one is entitled to bring an action against a railroad company for damages for personal injury of an-' other or for the wrongful death of one caused by the running of its locomotive cars or other machinery it is only for the plaintiff in the declaration, after alleging matter proper to be included in the inducement, to allege the injury sustained; that it was caused by the railroad company; that the act causing the injury was negligently done and the damages sustained; that when the trial occurs the plaintiff is only required to prove or show the injury; that it was caused by the railroad company and the damages sustained. When that is done the burden shifts to the railroad company to affirmatively show that its agents or employees used all ordinary and reasonable care in the transaction.

"In such case the presumption of negligence arises against the railroad where evidence is offered by the plaintiff showing or tending to show the injury by the defendant and that presumption is not removed until and when the defendant company has made it to appear that its agents exercised all ordinary and reasonable care. See Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. Rep. 193. * * *

"The relation of a railroad company operating a train at a railroad crossing and a traveler on the public highway desiring to cross the railroad track at the crossing involves reciprocal rights and obligations. The railroad company's trains have the right of way and persons on the highway

should give precedence to the passing trains. It is as much the duty of a person traveling upon the highway who is about to cross a railroad track to us 'ordinary care and prudence' to ascertain if a train is approaching upon a track as it is the duty of the railroad company to warn by appropriate signals all persons who may be upon the public highway of the approach of a train which is about to cross the public highway. In the case of S. A. L. Ry. Co. v. Myrick, *supra,* we said that: 'The statute merely places upon the railroad company the burden of showing affirmatively that such warnings were given whenever an action for damages for personal injury' grows out of a collision between a train of the railroad company and a traveler on the public highway at a crossing. See also So. Ry. Co. v. Mann, 91 Fla. 948, 108 So. 889, in which Mr. Justice Terrell, speaking for the Court, said 'it was equally the duty of the plaintiff (Mann) to approach the crossing with ordinary care and prudence, and if he fails, to do so, he must suffer the consequence of his conduct.' * * *

"We experience great difficulty in undertaking to apply the principle above announced to the case at bar because it is almost impossible to obtain any clear definite impression from the evidence as to the obstacles, features or obstructions constituting the factors rendering the particular crossing peculiarly dangerous both from the company's viewpoint as well as the traveler's. In one case the dangerous character of the crossing may be said to be subjective and the other objective. All railroad crossings where the highway and railroad track intersect are dangerous in a sense but some are more dangerous than others due to nearby embankments, trees, houses and cars standing on side tracks which obscure or at least interfere with the view of the engineer or fireman in control of the train, rendering it impossible or difficult to see an approaching

traveler on the highway on the one hand and which ob-
scures the view by a traveler on the highway of an ap-
proaching train, on the other. The railroad company's em-
ployees in charge of an approaching train should use all
ordinary and reasonable care to avoid injury to a traveler
on the highway desiring to cross the track while the latter
must use at least as high degree of care to avoid injury
to himself; and the degree of care required depends nec-
essarily upon the conditions existing at each crossing at
the moment when a train is approaching it.

"A mere perfunctory blowing of a whistle and ringing
of a bell at or near a crossing to give warning of an ap-
proaching train where it is being driven under such circum-
stances and at such speed as to reduce the so-called warn-
ing of its approach to its minimum value for the preven-
tion of injury to a traveler on the highway desiring to
cross the track of the railroad may not be sufficient to
discourage the obligation of the railroad company at such
time and place."

The evidence shows that around 2:00 o'clock P. M.,
February 16, 1936, the northbound Seaboard passenger
train, consisting of about eight passenger cars, at Lake-
mont, a small station between Sebring and Avon Park in
Highlands County, at a public crossing collided with an
automobile in which Dr. O'Dell was driving and Julian
Holman was riding, and as a result of said collision Dr.
O'Dell and Julian Holman, plaintiff's decedent, were
killed. The train crew testified that at the time of the
collision the train was traveling around 50 or 55 miles per
hour and was running a few minutes late. That as the
train approached the crossing proper signals were given
of its approach by blowing the whistle and ringing the
bell. On each side of the crossing where the accident oc-
curred was a signal light apparatus and the weight of the

train would set the same in motion at a considerable distance on each side of the crossing. When the signals were thrown on they would continue until the weight of the train passed over them, thereby leaving them disconnected. On the day of the accident some two hours thereafter it was shown that the signal apparatus was in first class working condition and a number of witnesses testified it was working when the accident occurred. Two witnesses not connected with the defendant company were traveling in a car and heard the blasts of the whistle, ringing of the bell and observed the signal lights at the crossing and stopped to await the passing of the train, when the car in which deceased was riding passed their parked car and drove on the track and had about cleared the track when hit by the train.

The plaintiff offered in evidence testimony of several witnesses who stated that they did not hear the whistle blow or the bell ring for the crossing and that the crossing signals were not given prior to the accident. We have carefully checked this negative testimony to determine whether or not there is such a conflict with the positive testimony to the contrary as would justify submitting the question of negligence to the jury to be settled by it as a matter of fact. We find this to be a very close question. There is a presumption in law of the correctness of the ruling of the lower court and our study of the facts here is that this presumption of correctness of the order sustaining the motion for a directed verdict has not been overcome.

If the trial court had submitted to the jury this disputed question of fact and a verdict for the plaintiff had been found by the jury, upon motion for a new trial the sufficiency of the evidence on the question of negligence would have been presented and the further question of the sufficiency of the evidence on the measure of damages.

The evidence shows that the plaintiff was suing as Administratrix of the deceased's estate, the deceased being an orphan, and at the time of the accident was around nineteen years of age and a high school student with expressed ambitions to become either a civil engineer or musician, and had studied music and played an instrument in the band at Sebring. The evidence on this point was highly speculative or conjectural and wholly insufficient. We do not feel justified from the showing made to interfere with the order of the lower court granting the motion for a directed verdict.

The judgment appealed from is affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J. concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.