H. C. PITTON v. ATLANTIC COAST LINE RAILROAD COMPANY.

198 So. 503

Division B

Opinion Filed March 15, 1940

On Rehearing July 12, 1940

On Re-examination of Record July 26, 1940

On Petition to Amend October 29, 1940

*Larkin & Larkin, Zewadski & Pierce* and *Wm. C. Mc-Lean,* for Plaintiff in Error;

*G. L. Reaves* and *T. Paine Kelly,* for Defendant in Error.

CHAPMAN, J.—On October 20, 1938, plaintiff filed in the Circuit Court of Hillsborough County, Florida, a declaration in three counts for the recovery of damages for personal injuries and damages to property resulting from a collision between a train of the Atlantic Coast Line Railroad Company and an automobile truck owned and driven by the plaintiff at the time of the injury. The first count sought a recovery for negligence of the defendant, without specifying any particular act. The second count alleged specific acts of negligence in that the defendant failed to sound an alarm or warning of the approach of the train at the crossing and that the train was operated at a high and dangerous rate of speed. The third count alleged specific acts of negligence in that the train was operated at a dangerous rate of speed which rendered giving signals useless by reason of the fact that the approach or view near the crossing was obstructed by buildings located on the defendant's right of way. The defendant filed a plea of not guilty to each count of the declaration.

The parties offered evidence on the issues made by the three counts of the declaration and the plea of not guilty, and at the conclusion of the taking of all the testimony, the trial court sustained a motion of the defendant for a directed verdict and directed that the jury find a verdict for the defendant. Counsel for plaintiff below filed a motion for a new trial and the same was overruled and denied, a final judgment was entered for the defendant below, and an appeal has been perfected therefrom and the case is here for

review, and the order of the lower court sustaining the motion made by counsel for the defendant that the jury be directed to return a verdict in favor of the defendant after all the testimony was introduced is relied upon by plaintiff in error for a reversal of this cause.

The plaintiff testified that on the 21st day of April, 1938, while driving a truck loaded with Irish potatoes and traveling south on Twenty-first Street in the City of Tampa, where the same intersects the railroad track of the defendant, the truck in which he was riding was struck by a passenger train consisting of some five or six coaches when backing into the Union Station; that the defendant did not maintain bells, signals, gates or a watchman at the crossing and the plaintiff had no knowledge of the approach of the train as the whistle was not blown or the bell rung and the buildings situated near the crossing obstructed plaintiff's vision and he was unable to see the train at the time of the collision. He further testified that the train was running around twenty miles an hour and after he was struck it required about 140 feet to bring the train to a stop. He also testified he was around 58 years of age, eyesight good, and the mechanics of his car in reasonably good condition and was being driven by him at a reasonable rate of speed.

The defendant offered in evidence photographs of crossing and the buildings near same, and the conductor in charge of the train gave testimony, with other witnesses who were near the crossing when the accident occurred. These witnesses testified that the train was traveling at a reasonable rate of speed, the air whistle was being sounded, the bell was ringing and the train was brought to a stop within a reasonable distance after the collision. Some of the witnesses stated that the truck was traveling at a low rate of speed when the collision occurred.

We have given careful consideration to the evidence offered by the respective parties and the sole question to be decided is whether or not there was sufficient evidence to show that the court erred, at the conclusion of the taking of all the testimony, in directing the jury to find a verdict for the defendant below. Our conclusion is that there is a conflict in the testimony offered by the plaintiff and the testimony adduced by the defendant as to specific acts of negligence and negligence generally at the time and place of the collision and from the disputed testimony reasonable inferences can be drawn; (a) that the defendant's negligence was the proximate cause of the alleged injuries; or (b) that the negligence of the plaintiff was not the sole proximate cause of the alleged injuries, even if negligence of the plaintiff contributed to his injury and requires the damages to be properly apportioned under the statute.

It is well established that a verdict for one party should never be directed unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained. See Branford State Bank v. Howell Co., 88 Fla. 493, 102 So. 649.

If the evidence is conflicting and will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon as a question of law. See Cameron & Barkley Co. v. Law-Engle Co., 98 Fla. 420, 124 So. 814; Williams v. Sherry, 94 Fla. 998, 114 So. 849; Gulf Refining Co. v. Ankey, 102 Fla. 151, 135 So. 521.

We hold that it was within the province of the jury to settle the conflicts or disputes in the testimony offered by the respective parties hereto and it was error on the part of the lower court to refuse to permit or allow the jury to

pass upon or settle the disputes or conflicts in the evidence.

In the case of Roberts v. Powell, 137 Fla. 159, 187 So. 766, the Court had before it a railroad crossing case, similar in many respects to the case at bar. This Court discussed the negative testimony and held that the facts established by the respective parties presented a close question on a motion for a directed verdict. The evidence in the case at bar, in our opinion, is stronger than plaintiff's case in Roberts v. Powell, *supra*.

We think the lower court erred in sustaining the motion of the defendant for a directed verdict and the testimony of the plaintiff, as we weigh and construe the same, presents a question for the jury to determine under appropriate instructions. The judgment appealed from is reversed.

WHITFIELD, J., concurs.

BROWN and BUFORD, J. J., concur specially.

BROWN, J. (concurring specially).—I do not think that the evidence in this case would have sustained a verdict based upon the theory that the negligence of the defendant was the sole proximate cause of the plaintiff's injury. My view is that both plaintiff and defendant were, under this evidence, guilty of some negligence which operated concurrently to the causation of the collision; at least, that the jury could reasonably have reached this conclusion. Plaintiff knew the ice plant was so located as to obstruct his view down the tracks until he was within about twelve or fifteen feet of the main-line track. The collision occurred about noon on a clear day. If plaintiff had exercised ordinary care, commensurate with the circumstances, he could have avoided the collision. On the other hand, defendant must have known that this was a very dangerous crossing, and it was a question for the jury as to whether or not the defendant's train was being backed across this street crossing

at a negligent rate of speed, in view of the serious obstruction of the vision of persons traveling in the direction which plaintiff was traveling, caused by the location of the ice plant so close to the tracks, as well as to the street which crossed the tracks. It is true that the positive evidence of several witnesses showed that the air whistle on the rear of the backing train was being blown. The negative testimony of the plaintiff to the effect that he never heard it could not impair the probative weight of the positive evidence on this point. But when the dangerous character of the crossing is considered, I think there was a jury question presented as to whether the speed of the train was such as to constitute negligence under the circumstances, and also whether it was a concurring proximate cause of the collision.

BUFORD, J., concurs.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing previously granted the record has been re-examined and the original and supplementary briefs of counsel for the respective parties have been studied and thoroughly considered and Mr. Justice TERRELL, Mr. Justice BUFORD and Mr. Justice THOMAS are of the opinion that the judgment appealed from should be affirmed while Mr. Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice CHAPMAN are of the opinion that the original opinion and judgment of reversal should be adhered to on rehearing. When the members of the Supreme Court, sitting six members in a body and after full consultation it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is

no prospect of an immediate change in the personnel of the Court, the judgment should be affirmed; therefore, it is considered, ordered and adjudged under authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the judgment of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

### ON RE-EXAMINATION OF RECORD

PER CURIAM.—On petition for rehearing previously granted on the opinion and judgment of this Court filed in this cause on March 15, 1940, reversing the lower court, the record has been re-examined and the original and supplementary briefs of counsel for the respective parties have been studied and thoroughly considered and Mr. Chief Justice TERRELL, Mr. Justice BUFORD and Mr. Justice THOMAS are of the opinion that the said opinion and judgment of this Court should be reversed, and Mr. Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice CHAPMAN are of the opinion that the said order and judgment should be adhered to. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the judgment should be affirmed; therefore it is considered, ordered and adjudged under the authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the opinion and judgment of this Court in this cause filed on March 15, 1940, reversing the judgment of the lower court be and the same is hereby adhered to, and the opinion and

judgment of this Court filed on July 12, 1940, be and the same is hereby vacated and set aside.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

## ON PETITION TO AMEND

BROWN, J.—The original judgment of this Court in this case was one of reversal, four of the Justices concurring. The opinion and judgment were handed down on March 15', 1940. The majority opinion was written by Mr. Justice CHAPMAN, concurred in by Presiding Justice WHITFIELD and Mr. Justice BUFORD and this writer. Justices TERRELL and THOMAS did not participate in that decision under Rule 21-A. In the opinion of Mr. Justice CHAPMAN he reached the conclusion that in view of conflicts in the testimony, from which different reasonable inferences might be drawn, the trial court erred in granting the motion of the defendant for a directed verdict. Mr. Justice BUFORD and this writer concurred specially in an opinion which did not depart from the above stated conclusion of Mr. Justice CHAPMAN, but in which special concurring opinion it was stated that the evidence in the case tended to show some negligence on the part of the defendant and also some contributory negligence on the part of the plaintiff, and that under the evidence, there was a showing of negligence on the part of both parties which operated concurrently to the causation of the collision and injury; at least, that the jury could reasonably have reached this conclusion. We therefore concurred in the conclusion reached by Mr. Justice CHAPMAN in his opinion and in the judgment of reversal. It is quite plain from both opinions that the four Justices who porticipated in the original decision of this case were all of the opinion that the granting of a directed verdict for the defendant in the court below constituted a reversible error, requiring the

reversal of the judgment. Therefore judgment of reversal was accordingly entered.

A rehearing was granted and upon such rehearing, in which all the Justices participated, this Court on July 12, 1940, in a *per curiam* opinion, stated that upon such rehearing Mr. Chief Justice TERRELL, Mr. Justice BUFORD and Mr. Justice THOMAS were of the opinion that the judgment appealed from should be affirmed, while Mr. Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice CHAPMAN were of the opinion that the original opinion and judgment of reversal should be adhered to, and then, upon the authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 So. 51, held that the judgment of the Circuit Court in this cause should be and was thereby affirmed.

A few days later, on July 26, 1940, another *per curiam* opinion and order was entered, reciting the equal division of the Court on the question as to whether the judgment of the court below should be affirmed or reversed. The Court ordered, not that the judgment of the court below should be affirmed or reversed, but ordered that "the opinion and judgment of this Court in this cause filed on March 15, 1940, reversing the judgment of the lower court, be and the same is hereby adhered to and the opinion and judgment of this Court filed on July 12, 1940, be and the same is hereby vacated and set aside."

A few days after this last opinion and judgment of the Court was filed the defendant in error filed a petition asking this Court to amend its order of July 26, 1940, by striking therefrom the words "opinion and."

If so modified our judgment of July 26, 1940, would be that the judgment of this Court in this cause filed on March 15, 1940, "reversing the judgment of the lower court, be and the same is hereby adhered to."

Defendant in error contends that where this Court divides equally on a petition for rehearing it adheres to its former judgment, but not to its former opinion. This contention raises an important question.

In the case of Benson v. First Trust & Savings Bank, 105 Fla. 135, 134 So. 493, and 141 So. 997, it will be observed that on a rehearing of the case the Court was equally divided in opinion as to whether the law of the case should be that stated in the opinion of Mr. Justice WHITFIELD, adopted by a majority of the Court on July 9, 1932, or that stated in the dissenting opinion of Mr. Justice TERRELL at that time filed. Whereupon the Court as a whole entered the following conclusion and order:

"The result of the present situation is, that the former judgment of the Supreme Court, heretofore entered on this appeal on July 9th, 1932, pursuant to the opinion of Mr. Justice WHITFIELD, should be ordered to stand unaltered on second rehearing, in accordance with the principles stated in the case of Florida Motor Lines, Inc., v. Hill, 106 Fla. 33, 143 Sou. Rep. 261, 262, where a like situation prevailed. Judgment of Supreme Court entered on July 9, 1932, adhered to."

The *per curiam* opinion and order on rehearing in this Benson case will be found on pages 168 and 169 of 105 Fla., and page 182 of 145 So.

As I interpret this order it adhered to *the judgment* of the Court entered on July 9, 1932, but *not* necessarily to *the opinion* which was filed at that time. This conclusion is supported by the cited case of Florida Motor Lines, Inc., v. Hill, 143 So. 261-262. Unfortunately, this opinion was omitted from the report of this case in Vol. 106 of our official Florida Reports. See Florida Motor Lines, Inc., v. Hill, 106 Fla. 33-38, where the original opinion and judgment

of the Court appears, and also the *per curiam* order on rehearing, but by some oversight the final opinion and order of the Court was left out. However, it was published in 143 So. 261-262, and several years later this final opinion was published in 126 Fla., page 586, but without headnotes. This opinion, rendered after oral argument on the rehearing, is headed *"per curiam,"* but my recollection is quite clear that it was written by the late Mr. Justice DAVIS and its clarity and logic are characteristic of that eminent jurist. All the members of the Court concurred in that opinion. The most important point settled by that opinion was that an equal division of the appellate court on a rehearing granted as to a judgment of reversal previously rendered leaves the said judgment of reversal in force and does not result in an affirmance of the judgment in the court below, and that the appellate court may, under such circumstances, order that the judgment of reversal theretofore rendered shall stand unaltered by the Court, being equally divided with regard to the correctness thereof and that said judgment of reversal shall be certified to the court below without opinion.

In view of the fact that this unanimous opinion of the Court was so important and so well reasoned and in view also of its omission from the report of the case in the 106 Fla., 33, I think it is well to here quote several paragraphs from that opinion:

"It therefore appears that upon rehearing had, the Court is now equally and permanently divided on the question of what its judgment on rehearing should be; three Justices being for affirmance, and three Justices being for reversal of the judgment of the circuit court. There is no prospect of an early change in the personnel of the Court.

"In this situation defendant in error suggests that the

proper rule is that, upon a rehearing granted and had, an equal division of the appellate court works an affirmance of the previous opinion of the appellate court, and not an affirmance of the judgment apealed from, when the apellate court's original judgment was one of reversal. Carmichael v. Eberle, 177 U. S. 63, 20 S. Ct. 571, 44 L. Ed. 672, is cited to suport that view. See, also, 4 C. J., pp. 641-644.

"Our conclusion is that an equal division of the appellate court on a rehearing granted as to a judgment of reversal previously rendered leaves that judgment in force and does not result in affirming the judgment of the lower court. Our judgment of Thursday, June 23, 1932, on rehearing, should therefore be amended to conform to this holding.

"Petitions for rehearing are under our rules filed and considered as ex parte matters. The granting of such petitions, when they are favorably acted upon, is likewise *ex parte*. And, unless expressly so ordered by the appellate court, the mere granting of an *ex parte* application for a rehearing should not be considered nor construed as working a complete vacation, annulment, and setting aside of the previous judgment of the appellate court, as to which the rehearing is granted, but more properly should be considered as a mere arresting or suspending of such previous appellate judgment pending the rehearing and reconsideration of the case on the rehearing awarded.

"This rule necessarily applies to all cases where the Court grants a rehearing on *ex parte* application of one of the parties asking reconsideration of the case for some alleged oversight or error in the Court's initial opinion or judgment in the case. The rule may be, and possibly is, different where a rehearing is granted by the Court of its own motion, and the appellate judgment actually vacated and set aside incidental thereto, as where it is discovered that one of the

participating justices was disqualified or that the appellate judgment entered was otherwise not properly arrived at or entered by due course of appellate procedure applying to the internal workings of the Court.

"In this case the order entered by us on the petition for rehearing is: 'A petition for rehearing having been filed in this cause and same having been duly considered, it is ordered by the Court that the said petition be and the same is hereby granted.' No order affirmatively vacating or setting aside our former judgment of reversal was entered. The only order appearing in our minutes is that the petition for rehearing 'be and the same is hereby granted.'

"This order under our rules had the effect of arresting the issuance of the mandate until further order of the Court. It also reinstated the case upon our docket for reconsideration upon the rehearing ordered. Thus the original judgment of this Court that the judgment of the circuit court be reversed was merely suspended, and not annulled, vacated or set aside, as might have been done by a special and affirmative order to that effect entered at the term during which the rehearing was granted.

"The precise situation we have here seems to be controlled by the *ratio decidendi* of the cited case from the United States Supreme Court of Carmichael v. Eberle, 177 U. S. 63, 20 S. Ct. 571, 44 L. Ed. 672. Upon the authority of that case, we now order that, by reason of an equal division of the Justices of this Court in their opinion as to this case upon rehearing had, the judgment of this Court heretofore entered on October 6, 1931, do stand unaltered, the Court being equally divided with regard to the correctness thereof, and that same be certified to the court below without opinion."

I think the conclusion arrived at in the above quoted

opinion might well apply in this case and in other cases where the situation is similar. The judgment of reversal in this case was concurred in by a majority of the Court. It has never been vacated or set aside. But on rehearing, the Court is equally divided as to the correctness of our former opinion and judgment. In such a situation, we cannot set aside our former opinion and judgment by a three-three vote, but we can, if a majority of the Court sees fit, order that the original judgment of reversal be certified to the lower court without opinion, provided, of course, a majority of the Court think that this is necessary or appropriate under the circumstances. In other words, I doubt the wisdom of holding that the law of the case was irrevocably settled by the original opinion and decision, or that the law of the case as applied to the facts shown by the record must stand, although the Court is now equally divided, on rehearing, upon that very question in this same case. So far as this writer is concerned, I am satisfied, not only with the original *judgment* of the Court, but also with *the opinion and the special concurring opinion* pursuant to which the judgment of the court below was originally reversed on March 15, 1940, but in view of the equal division of the Court at this time, I am inclined to think that the pending petition to modify our order of July 26, 1940, adhering to our former judgment of reversal, by striking from said order the words "opinion and," as applied for in defendant in error's petition, should be granted.

While we are on this subject we might notice the fact that in the case of Carmichael v. Eberle, 177 U. S. 63, 44 L. Ed. 672, the petition for rehearing which was filed in the Supreme Court of New Mexico was never granted. Argument of the petition was allowed, and the Court, being equally divided, adhered to its judgment of reversal. The

defendant in error filed a motion to set aside said judgment stating that a rehearing had been granted, and that the Court being thereafter equally divided as to whether the judgment should be reversed or affirmed, it was the duty of the Court to enter a judgment of affirmance, *nunc pro tunc*. This motion was denied and on appeal to the United States Supreme Court that Court held that the records showed that a rehearing had *not* been granted, but that only oral argument on the motion had been allowed. Attention was called to the fact that under the rules of the Supreme Court of New Mexico, a rehearing could not be granted unless one of the Justices who concurred in the judgment so desired, and a majority of the Court so determined, whereas in that case it appeared that no Justice who concurred in the judgment desired a rehearing and a majority of the Court did not determine to grant it. The Federal Supreme Court therefore held that the judgment. of reversal remained in full force and effect, and that the equal division of the Court on the motion for rehearing did not result in affirming the judgment of the lower court. In this connection, see Foster v. Thornton, 119 Fla. 49, 160 So. 490; Taylor v. Finlayson, 128 Fla. 444, 176 So. 44; M. F. Comer Bridge & Foundation Company v. Sheeran, 119 Fla. 543, 551, 161 So. 60. I think these cases, while dealing with somewhat different situations, support the opinion of this Court on rehearing in the case of Florida Motor Lines, Inc., v. Hill, set forth in 143 So. 261 and 126 Fla. 586, hereinabove quoted from. No jurisdictional question is raised here, as was done in Olds v. Alvord, 139 Fla. 745, 191 So. 434.

For the reasons above pointed out, the petition to modify our order of July 26, 1940, by striking therefrom "opinion and," should be granted, which would leave said order otherwise unchanged, the effect of said order being to

adhere to the original *judgment* of reversal rendered by this Court on March 15, 1940, but *not* to the *opinion*.

I am also of the opinion that if a majority of the members of the Court are of the view that we should adhere to our original *opinion* of March 15, 1940, as well as to our *judgment* of reversal rendered in connection therewith, the Court has the power to do so, although it appears that now the Court is equally divided as to the correctness of both the opinion and judgment as originally rendered. It happens that this writer, who concurred in the original opinion and judgment, and who also wrote a separate concurring opinion, is still convinced that such original and concurring opinion, and the judgment of reversal rendered pursuant thereto, were and are correct.

For the reasons above pointed out the petition hereinabove referred to is hereby granted and it is hereby ordered and adjudged that our order herein, entered July 26, 1940, be and the same is hereby amended by striking therefrom the words "opinion and," so that the said judgment as amended would read: "Therefore, it is considered, ordered and adjudged, under the authority of State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. 51, that the judgment of this Court in this cause filed on March 15, 1940, reversing the judgment of the lower court, be and the same is hereby ,adhered to."

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.