113 So.2d 414 (1959)
Zack SMART, Appellant,
v.
Ruby MASKER, Appellee.
No. B-25.
District Court of Appeal of Florida. First District.
July 7, 1959.
*415 Hull, Landis, Graham & French, Daytona Beach, for appellant.
Cobb, Cole & Pierce, Daytona Beach, for appellee.
WIGGINTON, Chief Judge.
Appellant was defendant in an action brought by appellee to recover damages for injuries sustained by her in an automobile collision caused by defendant's negligence. *416 From an adverse judgment defendant has appealed. The principal error assigned as a basis for reversal is the trial court's order striking one of the defenses sought to be interposed by defendant.
The complaint is in the usual form and alleges that at the time and place described therein defendant so negligently operated his automobile that it was caused to collide head-on with an automobile in which plaintiff was riding as a passenger; that by reason thereof plaintiff suffered severe permanent injuries resulting in the damages for which she demands judgment.
Among the defenses interposed by defendant was one in the following words:
"The plaintiff became a passenger in a motor vehicle involved in the accident referred to in the complaint with full knowledge, at the time of becoming a passenger in said motor vehicle, that said motor vehicle was under the control of and would be operated by a woman under the influence of alcoholic beverages to such an extent as would be reasonably expected to impair the ability of the said person to safely operate and control said motor vehicle. Prior to becoming a passenger in said motor vehicle plaintiff had participated in a drinking party with the woman controlling said motor vehicle and a man who became a passenger along with plaintiff. The plaintiff knew, or by the exercise of reasonable diligence, should have known that the condition of the person controlling said motor vehicle constituted a hazard or danger threatening the safety of all the occupants of said motor vehicle. Nevertheless the plaintiff, in the face of such danger, became a passenger in said motor vehicle, thus voluntarily exposing herself to the injury which ultimately resulted. As a passenger in said motor vehicle the plaintiff knew or had reason to know that the ability of the woman operating said motor vehicle to drive safely and properly was impaired from excessive consumption of alcoholic beverages and that it was reasonably essential to her own safety to warn the driver of said motor vehicle by suggestion or protest or to control her conduct or to leave said motor vehicle. There was sufficient time and opportunity for the plaintiff to protest to the driver or to leave the motor vehicle before the occurrence of the accident. The plaintiff, however, made no such effort to protest or to leave said motor vehicle or to control the conduct of the woman driving said motor vehicle. The said woman operated said motor vehicle on the wrong side of the road and in the traffic lane properly travelled by plaintiff just before the accident occurred and her said negligent driving contributed proximately to the accident referred to in the complaint. The plaintiff therefor assume the risk of injury and by her failure to protest or to attempt to control the action of the woman driver or to leave the motor vehicle she became guilty of such contributory negligence as should preclude any recovery on her behalf."
On plaintiff's motion the foregoing defense was stricken by order of the trial court. The question presented for our decision is whether the stricken defense, if proved, is sufficient as a matter of law to preclude recovery by plaintiff on the cause of action alleged in her complaint.
In the early development of the law relating to the negligent operation of motor vehicles, our Supreme Court considered the question of whether contributory negligence of a passenger would bar recovery in an action against a third party tort-feasor. In quoting with approval from a Tennessee decision it was held that if an adult, while riding in a vehicle driven by another, sees that the driver is incompetent or careless, or is not taking proper precautions, it is his duty to give some warning of danger, and *417 his failure to do so is negligence.[1] In a later decision it was recognized that where a person voluntarily rides as a passenger in an automobile operated by one known to be intoxicated, such act may constitute contributory negligence barring recovery by the passenger against a third party tort-feasor for injuries sustained in a collision involving the automobile in which the passenger was riding.[2]
Negligence of the driver of an automobile will not ordinarily be imputed to a passenger in the latter's suit for damages against a third party.[3] An exception to this general rule arises when the passenger knows or should have known from the circumstances of the occasion that the driver is not exercising, or is unable to exercise, that degree of care in the operation of the vehicle compatible with the safety of his passenger. In such case it becomes the duty of the passenger to make some reasonable attempt through suggestion, warning, protest or other suitable means to control the conduct of the driver, or take such reasonable opportunity as the circumstances may permit to debark from the automobile and the dangers which continued occupancy would entail.[4] Failure to do so will constitute contributory negligence barring the passenger's right to recovery against third parties whose concurring negligence contributed proximately to the passenger's injuries. This appears to be the prevailing rule also followed by other courts in the country.[5]
While ordinarily the doctrine of assumption of risk pertains to controversies between master and servant, it may nevertheless be applicable in other cases.[6] From the foregoing analysis we conclude that the availability of the doctrines of assumption of risk and contributory negligence as defenses to personal injury actions arising out of motor vehicle collisions is too well established in this jurisdiction to admit of serious doubt.[7]
Appellee contends that the stricken defense is insufficient as a matter of law because of a variety of reasons. She urges that in order for the defense to constitute a bar to the action, it is necessary to allege that the negligence of the driver of plaintiff's vehicle was the sole proximate cause of her injuries. This contention is untenable. If the negligence of plaintiff's driver was the sole proximate cause of her injuries, defendant would be free from liability and there would be no necessity for him to seek refuge in the defenses of contributory negligence or assumption of risk.[8]
Appellee further contends that the allegations contained in the defense fail to show any connection between the alleged intoxication of plaintiff's driver and her negligence in driving on the wrong side of the road at the time of the collision. We conclude that such connection (which must be proved) is implicit in the defense as alleged. Whether the driver's intoxication was the efficient cause of her negligent act *418 is for the jury to decide on trial, and not for the court to resolve on a motion to strike.
Appellee seeks comfort in the generally recognized principle that a passenger's right to recover damages for the negligent acts of a third party will not be barred because of the concurring negligence of the operator of the vehicle in which the passenger was riding.[9] This contention ignores the principle that where the passenger is shown to have assumed the risk of, or negligently contributed to, the negligence of her driver, the driver's negligence becomes the negligence of the passenger against whom the defense of contributory negligence may be properly interposed. This is true, despite a showing that the defendant's concurring negligence contributed to the injuries for which recovery is sought.
For the foregoing reasons we are of the view that the defense herein considered was sufficient as a matter of law, and the trial court committed error in ordering it stricken.
Appellant also assigns as error the instructions given by the court to the jury on the law of the case, and the court's refusal to give a charge requested by him. A careful review of the charges as given forces the conclusion that the jury was fully instructed on all phases of the law in a manner most favorable to the plaintiff. The vice of the charge stems from the refusal of the court to sustain the defense of contributory negligence sought to be interposed by defendant. We cannot say, however, that the court's refusal to give the charge requested by defendant in the form presented was error. Upon remand of this cause and reinstatement of the stricken defense we must assume that on a subsequent trial the court's instruction to the jury will properly state the law of the case in a manner consonant with defendant's right to a fair and impartial trial.
We have considered the remaining errors assigned but find them to be without substantial merit. The judgment is reversed and the cause remanded with directions that an appropriate order be entered setting aside the judgment, reinstating the stricken defense, and for further proceedings consistent with the views herein expressed.
Reversed.
STURGIS and CARROLL, DONALD, JJ., concur.
NOTES
[1] Seaboard Airline Railway Co. v. Watson, 94 Fla. 571, 580, 113 So. 716; Fuller v. Darnell, 100 Fla. 773, 129 So. 915, 74 A.L.R. 1.
[2] Peninsular Telephone Co. v. Marks, 144 Fla. 652, 198 So. 330.
[3] Miami Coca Cola Bottling Co. v. Mahlo, Fla. 1950, 45 So.2d 119; Florida Motor Lines v. Hill, 106 Fla. 33, 137 So. 169, 143 So. 261; Porter v. Jacksonville Electric Co., 64 Fla. 409, 60 So. 188.
[4] Bessett v. Hackett, Fla. 1953, 66 So.2d 694, 698-699; Miami Coca Cola Bottling Co. v. Mahlo, see note 3.
[5] Blashfield Cyclopedia of Automobile Law & Practice, Perm.Ed. Vol. 4, Sec. 2453, p. 602, 606; Besserman v. Hines, 219 Ill. App. 606; Lynn v. Goodwin, 170 Cal. 112, 148 P. 927, L.R.A. 1915E, 588.
[6] Byers v. Gunn, Fla. 1955, 81 So.2d 723.
[7] Herring v. Eiland, Fla. 1955, 81 So.2d 645; see cases cited in notes 1, 2 and 4; Mazak v. Rowe, Fla.App. 1959, 112 So.2d 57.
[8] Loftin v. Bryan, Fla. 1953, 63 So.2d 310.
[9] De La Concha v. Pinero, Fla. 1958, 104 So.2d 25.