CARROLL, CHAS., Judge.
The appellants filed an action for damages for personal injuries received by the minor child, Paul Dubov, and for resultant medical expense to his father, David Du-bov. Paul’s injuries resulted from a collision between an automobile, driven by his mother, in which he was riding, and the automobile of the defendant.
An amended complaint claimed that the injuries'were the result of negligence of the defendant who was alleged to have stopped her station wagon in U. S. Highway No. 1 in the City of Coral Gables, “there being no stop sign signal, light or obstruction in her path, and the defendant did not signal her intention to stop and did violate the Statutes of the State of Florida, and The City of Coral Gables in regard to stopping of a motor vehicle upon a highway.” The defendant answered denying negligence and averring that negligent driv *35 ing by the child’s mother was the sole proximate cause of the accident.
Subsequently defendant moved for summary judgment, and the following was disclosed before the trial judge: At approximately 10 o’clock one morning, the defendant was driving a station wagon on U. S. Highway No. 1 in Coral Gables. The defendant was proceeding north, with two driving lanes and a parking lane. She was in the left-hand driving lane, nearest the center of the highway, and was carrying a 12 foot pole designed for picking mangos. The pole worked its way out of the station wagon and fell on the highway with a “clatter” which the defendant heard. Thereupon she stopped her car in the left-hand driving lane. She turned off the ignition, placed the gear control in a parking position, got out of the car, and walked back to determine what had happened. She observed that the pole had fallen out, but before retrieving it she decided to move her car to the right-hand side of the highway, and she re-entered her car for that purpose. Before she had time to start up she saw Mrs. Dubov’s automobile approaching, and on observing that it was not stopping she placed her car in neutral before the collision.
Mrs. Dubov in an affidavit said she had just passed a car which was in the lane to her right, and for that reason was unable to pull over to avoid hitting the defendant’s station wagon; that because of a curve she did not see the Ropes car sooner, and when she saw i-t she thought it was moving; and that she applied her brakes and skidded into the rear of the Ropes car.
The motion for summary judgment was granted, and this appeal is from the summary judgment rendered in favor of the defendant. Appellee argued that the court was justified in concluding either that the defendant was not negligent or that the negligence of Mrs. Dubov should be regarded as the sole proximate cause. Appellant argued to the contrary, that the evidence disclosed negligence on the part of the defendant driver and that under the circumstances Mrs. Dubov was, at the most, guilty of negligence which combined with that of the defendant to bring about the result.
On the facts presented, the questions of whether the defendant was negligent, and if so, whether Mrs. Dubov was negligent and, if negligent, whether her negligence was the sole proximate cause or combined with that of the defendant to bring about the result, were questions to be determined in the requested jury trial, on proper instructions from the court.
Undisputed facts may raise a genuine issue of negligence for jury determination.
“The question of defendant’s liability cannot be lawfully withdrawn from the jury.and determined by the court unless the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence. Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303; 38 Am.Jur., Negligence, § 345. Issues of negligence are ordinarily not susceptible of summary adjudication. 6 Moore’s Federal Practice, § 56.17(42), p. 2232.” Roucher v. Traders & General Insurance Company, 5 Cir., 1956, 235 F.2d 423, 424.
See also Smith v. City of Daytona Beach, Fla.App.1960, 121 So.2d 440, 443.
The child, who was a passenger in 'the car driven by his mother, would be entitled to recover on proving that defendant driver was negligent and that her negligence was the sole proximate cause of his injuries, or combined with negligence of his mother to bring them about. Mrs. Dubov’s contributory negligence, if any, would not be imputable to him, as a passenger (Florida Motor Lines v. Hill, 106 Fla. 33, 137 So. 169, 143 So. 261; Bessett v. Hackett, Fla.1953, 66 So.2d 694; Kokotoff v. Higman, Fla.App.1958, 101 So.2d *36 166, 167), and as a child (Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183; Burdine’s, Inc. v. McConnell, 146 Fla. 512, 1 So.2d 462, 463).
For the reasons stated, the summary judgment appealed from is reversed.
Reversed.
HORTON, C. J., and PEARSON, J., concur.