ELLEN F. CAPLES, et al., Appellants, v. E. P. TALIAFERRO, et al., Appellees. ELLEN F. CAPLES, et al., Appellants, v. E. P. TALIAFERRO, et al., Appellees.

200 So. 378
En Banc
Opinion Filed February 11, 1941

124

First Case above on Appeal from the Circuit Court for Sarasota County, W. T. Harrison, Judge.

Second Case above on Appeal from the Circuit Court for Manatee County, W. T. Harrison, Judge.

*George Couper Gibbs,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, and *John F. Burket,* for Appellants;

*M. B. Wither* and *Wm. M. Taliaferro,* for Appellees.

PER CURIAM.—On October 8, 1940, there was filed in each of the above cases a "motion to vacate in part and to modify and amend order or judgment of the Supreme Court of Florida." See statement.

These two cases were on appeal submitted together as

companion cases on briefs and oral arguments before the Chief Justice and three Justices—a majority of the Justices of the Court—"sitting as a body," one Justice being absent and one Justice being disqualified. See Section 4, Article V, Florida Constitution, as amended in 1902. There was and could have been no objection to the argument of the cases before four Justices constituting a quorum of the Court.

The Constitution expressly commands that:

"The majority of the Justices of the Supreme Court shall constitute a quorum for the transaction of all business. . . . The concurrence of a majority of the members of the Court sitting in any cause wherein the Court shall sit as one body shall be necessary to a decision; . . ." Section 4, Article V, as amended in 1902.

The opinions rendered March 8, 1940, were participated in by all of the then six members of the Court, the disqualified Justice concurring in the opinions by inadvertence and oversight. The decrees of this Court were rendered March 8, 1940, by a majority of four to two of the Justices. Excluding the accidental concurrence in the opinions by the disqualified Justice, there remained three Justices for reversal and two Justices dissenting.

In the Sarasota County case the decree of the circuit court was reversed. In the Manatee County case the decree of the circuit court was "affirmed in part; reversed in part." A dissenting opinion applicable to both cases was filed in which two Justices concurred.

The concurrence of the disqualified Justice in the opinions was called to the attention of the Court by a petition for rehearing which was promptly granted. Granting a rehearing does not affect the original decree unless so expressly ordered by a majority of the Court. Florida Motor Lines, Inc., v. Hill, 126 Fla. 586, 143 So. 261. A circuit judge was called in to sit in the place of the disqualified

justice and the arguments on rehearing were before five Justices and a circuit judge.

In the opinion on rehearing in the Sarasota County case filed October 1, 1940, it is stated that the Chief Justice, two Justices and the circuit judge "are of the view that the majority opinion of the Court filed March 8, 1940, should be adhered to," that one of the Justices and the circuit judge filed opinions concurring with the majority, which concurring opinions were concurred in by the Chief Justice and another Justice; that "both concurring opinions are applicable to this and the companion case of like title" filed the same date. "Mr. Justice BROWN and Mr. Justice THOMAS adhere to the dissenting opinion of the former filed on the original hearing." The Constitution then in force expressly provided for Justices who did not hear the oral arguments in the presentation of cases, to take part in the opinions and judgments or decrees of the Court rendered in all cases in which opinions may be filed. Sec. 4, Art. V, Sec. 4687 (2958) C. G. L.

As a majority of the Court concurred in the original opinion, the decree rendered thereon remained unchanged. Florida Motor Lines v. Hill, 126 Fla. 586, 143 So. 261.

If the disqualified Justice had not inadvertently concurred in the opinions of the Court, the decrees appealed from would have been reversed by the vote of three Justices for reversal to two Justices for affirmance of the decrees on the vital points in the cases. The three qualified Justices who originally were of the opinion that the decree appealed from should be reversed, still have the same judicial opinion as to such decrees, while the two justices who dissented still have the view that the decrees of the chancellor should be affirmed. When the disqualified Justice withdrew his concurrence, there were still three to two for reversal and the circuit judge who took the place of the disqualified

Justice, concurred with three Justices in the portions of the decrees which required the reversals.

In the per curiam opinion of the Court in the Manatee County case, filed October 1, 1940, it is stated that the Chief Justice and two Justices "are of the view that the opinion of the majority filed March 8, 1940, should be adhered to, while Mr. Justice BROWN and Mr. Justice THOMAS are of the view that the dissenting opinion of Mr. Justice BROWN should be adopted as the opinion of the Court, and Circuit Judge Rowe is of the view that the dissenting opinion of Mr. Justice BROWN should be adopted as the opinion of the Court except as modified by the concurring opinions of Mr. Justice WHITFIELD and Circuit Judge Rowe in the companion case of similar title. The members of the Court being equally divided and there being no prospect of a change in the personnel it' follows that the opinion filed March 8, 1940, must be and is reaffirmed on rehearing." As the Court did not in granting a rehearing, or otherwise in any way change or affect the decree rendered by this Court on the first hearing, the decree as originally rendered remained unchanged.

When, in the Sarasota County case, the Circuit Judge sitting in the place of the disqualified Justice concurred in the original opinion and decree of this Court, thereby sustaining the decree, the fact that the disqualified judge had inadvertently concurred in the original opinion of this Court, is not material.

In the Manatee County case the circuit judge concurred in part with the opinion of three of the Justices, which part concurrence required a reversal of the decree appealed from. So there were four for reversal on material points. Even if there was only an evenly divided Court, the result necessarily was a reaffirmance of the original judgment of this

Court which could not be changed except by a majority vote.

In the per curiam opinion of this Court in the Manatee County case filed October 1, 1940, and concurred in by the Chief Justice, four Justices and the circuit judge, it is stated that Circuit Judge Rowe "is of the view that the dissenting opinion of Mr. Justice BROWN should be adopted as the opinion of the Court except as modified by the concurring opinions of Mr. Justice WHITFIELD and Circuit Judge Rowe, filed in the companion case of similar title," on the same day. The modifications referred to required a reversal of the decrees appealed from in both of the companion cases. The concurring opinion of Circuit Judge Rowe itself states that if certain mentioned requirements were not observed by the chancellor, "the cause should be reversed on this point with directions to proceed accordingly."

Under such circumstances the decrees should remain reversed, except in such particulars as the decrees may accord with the majority opinion and with the concurring opinions, both of which are concurred in by a majority of this Court sitting as a body with a circuit judge sitting in the place of the disqualified Justice as provided by controlling law. Sec. 6, Art. V, Constitution; Sec. 4688 (2959) C. G. L.

Circuit Judge Rowe concurs with three Justices in holding that the State had a right to sell the submerged lands; that the mortgage of the uplands did not include private riparian rights in the submerged lands; and that appellees are not entitled to the relief prayed.

The disqualification of one of the Justices was official and not personal. The unintentional and inadvertent concurrence in the opinions by the disqualified Justice did not render void the appellate decree of reversal; and the error was promptly corrected by the Court in granting a rehearing

which called for the reargument of the cases before the Court with no disqualified members.

Three qualified Justices voted to reaffirm both appellate decrees as rendered, while only two Justices dissented. The mere fact that a technically disqualified Justice inadvertently joined in the opinions with three qualified Justices could not destroy the validity of the appellate decrees as rendered, when three qualified Justices voted to reverse the decrees while only two Justices dissented. When the circuit judge took the place of the disqualified Justice, heard the arguments and considered the records and specifically joined the three qualified Justices in sustaining the reversal of the decree in the Sarasota County case, and concurred with the three Justices in declaring errors in both decrees which required a reversal of both, while only two Justices dissented from the entire majority opinion, the appellate decree of reversal in part in the Manatee County case could have been properly ordered reaffirmed on rehearing with only two Justices dissenting; for since the circuit judge agreed in part with the three Justices who voted for reversal, the partial agreements of the circuit judge with the three Justices warranted, if it did not require, a reversal of the decree appealed from, there being only two dissenting Justices and the circuit judge did not expressly dissent. But the order made was that, as on an evenly divided Court, to reaffirm on rehearing the appellate decree in the Manatee County case reversing in part and affirming in part, there being only two dissents to three positive votes for sustaining the reversal in part to stand as the final appellate decree. This clearly justified the order sustaining the appellate decree in the Manatee County case.

In adjudicating the motion now considered, the circuit judge expressly concurs in the concurring opinion of Justice WHITFIELD, as he intended doing when the opinion was

filed which makes it the opinion of four members of the Court to two dissenting Justices, and fully sustains the orders made on October 1, 1940.

The two original opinions and the concurring opinion by Justice WHITFIELD are the controlling adjudications in each of the two companion cases.

The motions are severally denied and the causes remanded.

WHITFIELD, TERRELL, CHAPMAN, J. J., and R. H. Rowe, Circuit Judge, concur.

BROWN, C. J., and THOMAS, J., concur in conclusion.

BUFORD, J., disqualified.

BUFORD, J. (disqualified).—On petition for rehearing it is brought to my attention that when this case was called for oral argument I announced in open Court my disqualification to participate in the disposition of the cause but, nevertheless, did participate in the disposition by concurring in the opinion prepared by Mr. Chief Justice TERRELL.

When that opinion came to my desk with the record filed here I overlooked the fact that I had participated as Attorney General of Florida in the negotiations between the Trustees of the Internal Improvement Fund of Florida and the purchaser for the purchase and conveyance of bottom lands involved in this litigation.

I now withdraw my concurrence in the opinion and judgment, *supra*.