54 So.2d 240 (1951)
CLARK
v.
NORTH BAY VILLAGE et al.
HURT
v.
CLARK et al.
Supreme Court of Florida, Division A.
August 24, 1951.
Rehearing Denied October 18, 1951.
Robert C. Lane and Curtiss B. Hamilton, Miami, for appellant and appellee Harold A. Clark, Jr.
N.J. Durant, Miami, for appellant Joel Hurt.
J. Harvey Robillard, Miami Beach, for appellee North Bay Village.
HOBSON, Justice.
On June 27, 1951, the appellee, Harold A. Clark, Jr., filed his complaint against North Bay Village, a municipal corporation, Fred C. Bamman, C.A. Willets and Joel Hurt as the Village Council of North Bay Village, seeking a declaratory decree to determine whether only two members of the Village Council were necessary to constitute a quorum for the transaction of the business of the municipal corporation known as North Bay Village. The complaint alleged that the Village was created by a legislative act, Chapter 23427, Special Acts of 1945, as amended by Chapter 24736, Special Acts of 1947, the same being the Charter of North Bay Village. It was further alleged that Section 1 of Article IV of the Charter provides: "The Village of North Bay Island shall be governed by a council of five."
*241 The complaint also alleged that the Charter provided that: "The council * * * shall act in all matters upon a majority vote of those present, a majority of the council being necessary for a quorum". Section 3, Article IV, Charter.
It was thereafter alleged that there were two vacancies on the Council and that the three remaining Councilmen were Fred C. Bamman, C.A. Willets and Joel Hurt and that the two vacancies had not been filled.
It was subsequently alleged that the legislature, at the 1951 session, enacted a proposed new charter for North Bay Village, and that the adoption of this new charter was subject to a referendum vote, such referendum election to be called by the Village Council; that Fred C. Bamman and C.A. Willets, two of the councilmen, called a special meeting for the purpose of fixing a time for such election; that Councilman Joel Hurt refused to attend said meeting; whereupon the said Bamman and Willets (only two members of the Council), adopted a resolution providing that the referendum election should be held on July 17, 1951.
On June 28, 1951, an answer was filed on behalf of Councilmen Bamman, Willets and Hurt, admitting all the allegations of the complaint, but joining in the prayer of the complaint for a declaratory decree.
The Circuit Judge handed down an opinion and declaratory judgment holding that, in view of the two existing vacancies in the Village Council leaving only three active members, it was necessary that only two members be present at meetings in order to constitute a quorum.
On July 19, 1951, Councilman Hurt appealed and by his assignments of error, raised the sole question as to whether only two councilmen could constitute a quorum.
The plaintiff below, Clark, has also appealed, raising the same question. By stipulation, the appeals have been consolidated.
Before discussing the real question which is presented to us, we deem it advisable to observe that the right of the appellee to a declaratory decree or judgment does not appear to have been challenged at any stage of the proceedings. Since the question is not one of jurisdiction we will not, sua sponte, pose or decide it.
Section 1 of Article IV of the Charter of North Bay Village provides: "The Village of North Bay Island shall be governed by a council of five."
Section 3 of Article IV of said Charter provides that: "The council * * * shall act in all matters upon a majority vote of those present, a majority of the council being necessary for a quorum * * *."
Since the Charter of the Village in Section 1 of Article IV declares that the Village shall be governed by a Council of five, it follows that the legislature in so providing, defined the words "the Council" as used in Section 3 of Article IV of the Charter as meaning a governing board of the Village composed of five members. It is axiomatic that the majority of five is three.
We agree with counsel for appellants that our decision in the case of In the Matter of the Executive Communication of the 9th of November, A.D. 1868, 12 Fla. 653, is directly in point and controlling in the instant case. Mr. Justice Westcott, speaking for the Court, after quoting Section 8, Article IV, of the Florida Constitution which reads: "A majority of each House shall constitute a quorum to do business", stated, "If no less than a majority of the whole number [twenty-four Senators] is a quorum, then the least number constituting a quorum is thirteen."
He then posed the query: "Is there anything in our Constitution, or legislative precedent, or judicial decisions, to authorize in estimating a quorum a deduction to be made for vacancies by death, resignation, expulsion, failure to elect, or other cause of this character?"
Mr. Justice Westcott thereafter discussed the meaning of the word "House" as used in Section 8, Article IV of our Constitution. He said: "It has a fixed meaning under all circumstances, which is, the entire number *242 of which it may be composed, and a Constitutional quorum must be a majority of that number."
It is true that this Court was then dealing with a Constitutional provision. Here we are dealing with a legislative act, to wit: the Village Charter of North Bay Village. Nevertheless, the language "A Majority of each House" is substantially the same as the wording "a majority of the council". Moreover, the paramount law of North Bay Village is its Charter which resembles the Constitution of a State. "A municipal `charter' is the municipality's constitution enumerating and giving to it all the powers it possesses, unless other statutes are applicable to it * * *." Platt v. City and County of San Francisco, 158 Cal. 74, 110 P. 304.
In the instant suit the learned Circuit Judge by the process of deducting the two vacancies on the Council arrived at the conclusion that only two councilmen were necessary to constitute a quorum. In disregarding the two councilmen who, in effect, had resigned or by deducting the vacancies thus created, the lower court committed error because, regardless of the fact that the authorities may be conflicting upon the subject, this Court is committed to the proposition that "vacancies from death, resignation or failure to elect, cannot be deducted in ascertaining a quorum." (Italics supplied).
The two vacancies on the council of the Village of North Bay Village were judicially declared to exist in a final decree entered by Honorable Marshall C. Wiseheart, Circuit Judge, on June 19, 1951. It is obvious that said vacancies were decreed because Gordon McCracken and J.B. Ridings had ceased to be "bona fide residents" of the Village of North Bay Village. The remaining members of the Council on, if not before, June 19, 1951, knew of the existence of these vacancies and should have filled them under the authority and power granted by the City Charter. The vacancies were created by virtue of the fact that McCracken and Ridings moved their residences from North Bay Village; but, the vacancies have continued to exist by the failure of the remaining councilmen to elect successors to these two former councilmen. Should we hold that a quorum of the council is a majority of the remaining qualified councilmen, it would be possible for two of their number to continue to govern the Village by their own design, or their failure or neglect to fill existing vacancies. It does not appear from the record that one of the remaining councilmen, Joel Hurt, has failed or refused to attend a meeting of the council called for the purpose of filling the vacancies. Nor is it demonstrated clearly, or at all, that Councilman Hurt could not be compelled by lawful process to perform his duty of attending a called meeting of the Council as distinguished from being coerced to vote, upon attending such meeting, in any particular manner.
The able Circuit Judge thought he should declare a quorum to be a majority of the remaining qualified councilmen, rather than a majority of the number of councilmen who by statutory declaration compose "the Council", because a contrary ruling would create a hiatus in the City Government.
It is our view that such hiatus can be remedied, or could have been avoided, by the remaining councilmen electing successors to McCracken and Ridings. There is no excuse for the existence of such hiatus. However, a temporary hiatus is preferable to creating a condition whereby two of the remaining councilmen, upon their caprice, whim or fancy, can govern the City until there may be another city election, in the face of the fact that the Charter provides that the Council shall be composed of five members and that a majority of "the Council" shall constitute a quorum.
Although our opinion in the case of Caples v. Taliaferro, 146 Fla. 122, 200 So. 378, is not directly in point, it is persuasive in that we held that it requires four Justices of the Supreme Court to constitute a quorum because the Constitution, art. 5, § 4, as amended in 1902, provides that "A majority of the Justices of the Supreme Court shall constitute a quorum for the transaction of all business" and also stipulates that the *243 Supreme Court shall consist of seven Justices.
The declaratory judgment or decree from which these appeals were prosecuted should be, and it is hereby reversed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.