To: Donald C. Roberge City Attorney City of Pompano Beach
QUESTION:
May an ordinance to be submitted as a proposed charter amendment to the voters of a municipality validly limit the exercise by the municipal governing body of home rule powers granted to municipalities by s. 2, Art. VIII, State Const., and ch. 166, F.S., the "Municipal Home Rule Powers Act"?
SUMMARY:
A municipal charter may be amended pursuant to s. 2(a), Art. VIII, State Const., and s. 166.031, F.S., so as to add provisions thereto which would serve to limit or restrict the exercise of specific corporate, legislative and governmental powers, except for those enumerated in s. 2(c), Art. VIII, State Const., and s.166.021(3)(a), F.S., which the municipality or its legislative and governing body would otherwise be empowered to exercise pursuant to s. 2(b), Art. VIII, State Const., and the Municipal Home Rule Powers Act, ch. 166, F.S.
Your letter states that the City of Pompano Beach operates 2 municipal utilities: a water system and a sewer system. It has been the practice of the city commission to transfer revenues from the water and sewer funds to the city's general fund to be used for general municipal purposes unrelated to the providing of water and sewer service. Citizens have objected to this practice and the charter amendment advisory board has proposed that an additional charter provision prohibiting the transfer of any municipal utility revenues to the general fund be submitted to the voters at the 1983 municipal election. On behalf of the city you have requested an opinion regarding the validity of such a proposed charter provision.
Section 2(a), Art. VIII, State Const., expressly provides that the charters of municipalities may be "amended pursuant to general or special law." Section 166.031(1), F.S., in pertinent part provides:
 The governing body of a municipality may, by ordinance . . . submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality.
In addition, s. 166.031(3), F.S., authorizes the amendment of a municipal charter pursuant to the provisions of s. 166.031, F.S., notwithstanding any charter provisions to the contrary. The amendments authorized encompass the entire range of the charter, i.e., "to any part or to all of (the) charter," except that part describing the boundaries of the municipality. No other restrictions are placed on the charter amendment power granted by s. 166.031, F.S. But see s. 2(c), Art. VIII, State Const., and s.166.021(3)(a), F.S.
The word "amendment" implies an alteration of or addition to a motion, bill, constitution, etc.; a change made by correction, addition, or deletion. The Random House Dictionary of the English Language 47 (1967). See also Black's Law Dictionary 106 (Rev. ed. 1968). Generally see 3A C.J.S. Amend pp. 415-416; 3A C.J.S. Amendment pp. 417-419; 3 Words and Phrases Amend; Amendment p. 446, et seq. Accord Board of Public Instruction v. Board of Commissioners, 50 So. 574, 575 (Fla. 1909); Wilson v. Crews,34 So.2d 114, 117 (Fla. 1948), stating that an amendment of a constitution repeals or changes some provisions in, or adds something to, the instrument amended. This principle of constitutional construction would seem to apply with equal force and affect to municipal charter amendments since the paramount law of a municipality is its charter, just as the state constitution is the charter of the state. See City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801, 803 (Fla. 1972); Clark v. North Bay Village, 54 So.2d 240, 242 (Fla. 1951). It appears, therefore, that an addition to a municipal charter would constitute an amendment to that charter. As noted above, except for amendments relating to the boundaries of a municipality, there is no qualification of or restriction on the charter amendment power granted by s. 166.031, F.S., nor is the nature of the authorized amendments restricted or limited. Neither does s. 2(a), Art. VIII, State Const., prescribe any qualification of or restriction on the nature of amendments to municipal charters, except that any such amendment must be made pursuant to general or special law. But see s. 2(c), Art. VIII, State Const., and s. 166.021(3)(a), F.S., restricting municipal annexation, merger and the exercise of extraterritorial power to that provided by general or special law. I therefore conclude that just as the State Constitution may be and has been amended to add provisions thereto limiting or regulating state and local governmental powers or the exercise thereof and the action and conduct of state and local officers (see, e.g., s. 23, Art. I; s. 8, Art. II; s. 14, Art. X, State Const.), a municipal charter may be amended pursuant to s. 2(a), Art. VIII, State Const., and s.166.031, F.S., so as to add provisions which place limitations on the exercise of corporate, legislative and governmental powers which the municipality might otherwise be empowered to exercise pursuant to s. 2(b), Art. VIII, State Const., and the "Municipal Home Rule Powers Act", ch. 166, F.S. Cf. AGO 075-223 stating that although the "Municipal Home Rule Powers Act" nullified and repealed or converted into municipal ordinances many provisions of the charter of the City of Tamarac as that charter existed on the effective date of the Act, October 1, 1973, the charter was apparently restored to its original status (as subsequently amended in February 1973 and March 1974) by referendum held in that city in June 1974 and may now be amended only as provided in s. 166.031, F.S. And see Cross Keys Waterways v. Askew,351 So.2d 1062, 1065 (1 D.C.A.Fla. 1977), affirmed and opinion concurred with, Askew v. Cross Keys Waterways, 372 So.2d 913 (Fla. 1978), indicating that the power exercised or withheld by county and municipal governments is the power of the State, appropriately delegated. Quoting s. 2, Art. VIII, *3237 State Const., the court in the Cross Keys Waterways case stated that "[m]unicipalities `may be established or abolished and their charters amended pursuant to general or specific law,' and they may exercise municipal powers `except as otherwise provided by law'."
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General